IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO
REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (prevailing Central Time) on July 24, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 24, 2024 at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/zhi. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Sealing Motion**"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Order**"), authorizing the Debtors to redact and file under seal certain portions of the *Debtors' <u>Emergency</u> Motion for Interim and Final Orders (I) Approving the Settlement by and among the Debtors, Golden Pass LNG Terminal LLC, CB&I LLC, Chiyoda International Corporation, and CCZJV, (II) Authorizing the Parties to Perform Any and All Obligations Contemplated by the Settlement, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* (the "**Settlement Motion**").[2]

### Jurisdiction and Venue, and Predicates for Relief

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1(b) and 9037-1 of the Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Motion.

**Background**

5. On May 21, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 4, 2024, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to sections 1102(a)(1) and 1102(b)(1) of the Bankruptcy Code. *See* Docket No. 176. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the chapter 11 cases, is set forth in the *Declaration of Mohsin Y. Meghji in Support of Debtors' Petitions and Requests for First Day Relief* [Docket No. 7], incorporated by reference herein.

7. Contemporaneously herewith, the Debtors filed the Settlement Motion, seeking approval of a global settlement (the "**Settlement**") by and among the Debtors, Golden Pass LNG Terminal LLC ("**Golden Pass**"), CB&I LLC ("**CB&I**"), Chiyoda International Corporation ("**Chiyoda**"), and the unincorporated hybrid joint venture formed by Debtor Zachry Industrial, Inc. ("**ZII**"), CB&I and Chiyoda ("**CCZJV**," and, together with the Debtors, Golden Pass, CB&I, and Chiyoda, the "**Parties**") of all disputes, controversies, claims, and causes of action arising out of or otherwise related to the GPX Project, the EPC Contract, and the HJVA on the terms and conditions set forth in the term sheet attached to the Interim Order as <u>Exhibit A</u> (the "**Term Sheet**"). Additional background and information regarding the disputes and litigation between

the Parties as well as the Settlement is set forth in the Settlement Motion and the *Declaration of Mohsin Y. Meghji in Support of the Debtors' <u>Emergency</u> Motion for Interim and Final Orders (I) Approving the Settlement by and among the Debtors, Golden Pass LNG Terminal LLC, CB&I LLC, Chiyoda International Corporation, and CCZJV, (II) Authorizing the Parties to Perform Any and All Obligations Contemplated by the Settlement, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*, filed contemporaneously herewith.

## **Basis for Relief**

8. Section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.*

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

10. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is **required** to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is **required** to protect such an entity on request of a party in interest.") (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

11. The Term Sheet attached to the Interim Order as <u>Exhibit A</u> includes (i) the negotiated amount to be paid by Golden Pass to ZII's vendors and subcontractors, (ii) the amount that Golden Pass may draw from the standby letter of credit issued by Bank of America, N.A. in favor of Golden Pass by the order of and for the account of ZII, (iii) the amount of retainage to be paid to the Debtors to support ZII's demobilization costs in respect of the GPX Project, and (iv) a

schedule setting forth invoice amounts to be paid by Golden Pass (collectively, the "**Confidential Information**"). A term and condition of the Term Sheet and entry into the Settlement is that the Debtors shall redact financial terms, including payment amounts, in any publicly filed document. Accordingly, the Debtors request that the Court permit the Debtors to redact the Confidential Information and file Schedule 2 to the Term Sheet under seal. *See Orion Pictures*, 21 F.3d at 27 (stating that section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury") (internal citations omitted).

12. The Debtors submit that the proposed limited redaction is necessary and appropriate under section 107 of the Bankruptcy Code. The Debtors, therefore, request that the Court grant the requested relief.

## Emergency Consideration

13. The Debtors request emergency consideration of this Motion as the hearing for interim approval of the Settlement Motion is scheduled for July 24, 2024 at 1:30 p.m. (prevailing Central Time).

## Notice

14. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) the counsel to the Committee; (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the Prepetition Agent; (g) counsel to Golden Pass; (h) counsel to CB&I; (i) counsel to Chiyoda; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

The Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: July 19, 2024
Houston, Texas

/s/ *Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: bojan.guzina@whitecase.com
       aoneill@whitecase.com
       rj.szuba@whitecase.com
       barrett.lingle@whitecase.com

*Counsel to the Debtors and Debtors in Possession*

7

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Charles R. Koster*
Charles R. Koster

**Certificate of Service**

I certify that on July 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

//s/ *Charles R. Koster*
Charles R. Koster