## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-90377 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS'**
**MOTION FOR ENTRY OF AN**
**ORDER (I) SETTING BAR DATES FOR**
**FILING PROOFS OF CLAIM, INCLUDING**
**REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND**
**REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM AND MANNER**
**FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS,**
**(IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF**

---

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested**.

---

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

### Relief Requested

1.     The Debtors request entry of an order substantially in the form attached hereto (the "**Bar Date Order**"), approving the following relief:

---

[1]     The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

a.  **Claims Bar Date.**  Establishing **5:00 p.m. prevailing Central Time on the September 16, 2024** as the last date and time by which each entity[2] (other than governmental units) must file a written proof of claim, substantially in the form of the Proof of Claim Form (as defined herein), or Official Form 410 (a "**Proof of Claim**"), based on prepetition claims, including claims arising under section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") against any Debtor (the "**Claims Bar Date**");

b.  **Governmental Bar Date.**  Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing **November 18, 2024, at 5:00 p.m., prevailing Central Time**, as the last date and time by which such governmental unit must file a Proof of Claim against any Debtor (the "**Governmental Bar Date**");

c.  **Rejection Damages Bar Date**.  Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, establishing **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which each entity must file a Proof of Claim based on a claim arising from such rejection against any Debtor (such later date, the "**Rejection Damages Bar Date**");

d.  **Amended Schedules Bar Date**.  In the event that the Debtors amend their Schedules (as defined herein), establishing the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following the date on which the Debtors mail notice of the amendment to the Schedules**, as the last date and time by which each entity holding a claim affected by such amendment may file a Proof of Claim against any Debtor (such later date, the "**Amended Schedules Bar Date**" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "**Bar Date**" or "**Bar Dates**");

e.  **Proof of Claim Form**.  Approving the proposed modified Proof of Claim Form (as defined herein) substantially in the form attached as **Exhibit 1** to the Bar Date Order;

---

[2]  Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

      f.      **Bar Date Notice**.  Approving the proposed form and manner of notice of the Bar Dates, substantially in the form attached to the Bar Date Order as **Exhibit 2** (the "**Bar Date Notice**"); and

      g.      **Publication Notice**.   Approving the proposed form and manner of publication notice, substantially in the form attached to the Bar Date Order at **Exhibit 3** (the "**Publication Notice**").

### Jurisdiction, Venue, and Predicates for Relief

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The predicates for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002(a)(7), (f), and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 1075-1, 3003-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

### Background

5.      On May 21, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On June 4, 2024, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors pursuant to sections 1102(a)(1) and 1102(b)(1) of the Bankruptcy Code.  *See* Docket No. 176.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the chapter 11 cases, is set forth in the *Declaration of Mohsin Y. Meghji in Support of Debtors' Petitions and Requests for First Day Relief* [Docket No. 7].[3]

### The Bar Dates

7.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.  The Debtors filed their Schedules on July 16, 2024.

8.      The Debtors propose to allow creditors other than governmental units until **5:00 p.m. prevailing Central Time on September 16, 2024**, and governmental units until **November 18, 2024, at 5:00 p.m., prevailing Central Time**, to file Proofs of Claim.  The Schedules were filed 62 days before the Debtors' proposed Claims Bar Date and 125 before the Governmental Bar Date.  The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

### I.      The Claims Bar Date

9.      The Debtors request that the Court establish **5:00 p.m. prevailing Central Time on September 16, 2023,** as the Claims Bar Date.  The Claims Bar Date would be the date and time by

---

[3]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the First Day Declaration.

which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are **actually received** by Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "**Claims and Noticing Agent**"), unless such entity's claim falls within one of the exceptions set forth in the proposed Bar Date Order.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, 503(b)(9) claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

## II.      The Governmental Bar Date

10.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Bankruptcy Rules may provide." 11 U.S.C. § 502(b)(9).  The Debtors, therefore, request that, solely as to governmental units, the Court establishing **November 18, 2024, at 5:00 p.m., prevailing Central Time**, as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are **actually received** by the Claims and Noticing Agent by the Governmental Bar Date.

### III.    The Rejection Damages Bar Date

11.    In addition to the Claims Bar Date and Governmental Bar Date, the Debtors request that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code, on **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease**.

### IV.    Amended Schedules Bar Date

12.    In the event that the Debtors amend their Schedules and Statements in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Claims and Noticing Agent as of **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following the date on which the Debtors mail notice of an amendment to the Schedules** as the Amended Schedules Bar Date by which all entities must file Proofs of Claim based on claims affected by such amendment, such that they are **actually received** by the Claims and Noticing Agent by the Amended Schedules Bar Date.

**Procedures for Filing Proofs of Claim**

## I.    Parties Required to File Proofs of Claim

13.    Except as otherwise set forth herein, the Debtors propose that each of the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the Claims Bar Date or any other applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" if such entity desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed under a different classification or in an amount different than set forth in the Schedules;

c.    any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against a Debtor to the extent grounds for such grievance arose on or prior to the Petition Date;

d.    any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.    any entity alleging that its claim against a Debtor is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

14.    For the avoidance of any doubt, any persons and entities listed above shall be required to file a Proof of Claim by the applicable Bar Date, regardless if such person or entity is or may be included in, or represented by a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively, "**Representative Actions**") and/or any Proof of Claim in respect of a Representative Action.

**II.      Parties Not Required to File Proofs of Claim by the Applicable Bar Date**

15.      The Debtors request that the Court exempt the following entities in the capacities described below from any requirement to file a Proof of Claim prior to the applicable Bar Date:

a.      the United States Trustee for the Southern District of Texas, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to an order authorizing the Debtors' use of cash collateral (whether on an interim or final basis);

c.      any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the claim asserted therein that was properly filed against the correct Debtor(s);

d.      any entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.      any entity whose claim has previously been allowed by a final order of the Court;

f.      any Debtor or non-Debtor affiliate holding a claim against a Debtor;

g.      any entity whose claim is solely against any non-Debtor affiliates;

h.      any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with a Court order;

i.      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.      any entity holding a claim for which a separate deadline is fixed by the Court;

l.      any entity holding an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim by the Claims Bar Date;

m.      any entity holding an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

n.      any entity holding an equity interest in any Debtor.

## III.    Form of Proof of Claim

16.     The Debtors have prepared, and request that the Court approve, a form for filing a Proof of Claim based on Official Form 410 that the Debtors have modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code, substantially in the form attached as **Exhibit 1** to the Bar Date Order (the "**Proof of Claim Form**").  Creditors may choose not to use the modified Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

17.     The modifications to the Proof of Claim Form include, but are not limited to, requesting that, where applicable, each claimant identify the project(s) that the claim relates to, the amount of claim attributable to the applicable project, and the name and location of any job and/or purchase order relating to the claim.  This information will allow the Debtors to analyze the claims more efficiently and accurately, which will undoubtedly be voluminous.

18.     In addition, the Debtors propose to provide each of the creditors listed on the Schedules with a personalized Proof of Claim Form, which will indicate: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if

any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

19.     If the creditor disagrees with information set forth on the personalized Proof of Claim Form, the creditor will be required to timely file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim on or before the applicable Bar Date.  Creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410 as and to the extent provided in the Bar Date Order.

**IV.     Requirements for Preparing and Filing Proofs of Claim**

20.     The Debtors propose that each Proof of Claim meet the following requirements:

  a.     **Contents**.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) include information regarding payment from any third party on account of, in connection with, or otherwise relating to the claim, if applicable; (v) information on the project, job, and purchase order that the claim relates to, if applicable; and (vi) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

  b.     **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach documentation identifying (a) the particular invoices for which such claim is being asserted, (b) the Debtor to which the goods were shipped, (c) the date the Debtor received such goods, (d) the value of such goods, (e) whether the value of such claim represents a combination of goods and services, and (f) whether any other claim has been filed with respect to such goods; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only **original** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 24-90377), or otherwise without identifying a specific Debtor, may be deemed as filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

f.      **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel,[4] such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.veritaglobal.net/ZHI, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be

---

[4]   Any notice to the Debtors' counsel should be addressed to: White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinoi 60606, Attn: Fan He (fhe@whitecase.com); RJ Szuba (rj.szuba@whitecase.com); Barrett Lingle (barrett.lingle@whitecase.com); Clint Simkins (clint.simkins@whitecase.com) and Alonso Aquije (alonso.aquije@whitecase.com).

actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Zachry Claims Processing Center
c/o KCC dba Verita
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**Consequences of Failure to File Proof of Claim**

21.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Such creditor shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

## Procedures for Providing Notice of the Bar Dates

22.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

## I.     Mailing of Bar Date Notices

23.     Pursuant to Bankruptcy Rule 2002(a)(7), no later than five (5) business days of the later of entry of the Bar Date Order or the filing of the Schedules, the Debtors will cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** to the Bar Date Order (the "**Bar Date Notice**"), and a Proof of Claim Form (collectively, the "**Bar Date Package**") to be served via email, facsimile, or first class mail to the following entities (or their respective counsel, if known):

      a.    the United States Trustee for the Southern District of Texas;

      b.    the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

      c.    Counsel to the Official Committee of Unsecured Creditors in these chapter 11 cases;

      d.    all entities listed in the Schedules as holding claims (including those listed as contingent, unliquidated, or disputed) against the Debtors;

      e.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date that the Bar Date Order is entered;

      f.    all entities that have filed Proofs of Claim in these chapter 11 cases as of the date that the Bar Date Order is entered;

      g.    all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

      h.    all entities who are a party to executory contracts and unexpired leases with the Debtors;

      i.    all entities who are a party to active litigation with the Debtors;

    j.     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    k.     all regulatory authorities that regulate the Debtors' businesses;

    l.     the Offices of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

    m.     the District Director of the Internal Revenue Service for the Southern District of Texas;

    n.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    o.     all other entities listed on the Debtors' matrix of creditors;

    p.     the United States Securities and Exchange Commission; and

    q.     the Office of the United States Attorney for the Southern District of Texas.

24.    Further, the Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://www.veritaglobal.net/ZHI.

25.    The proposed Bar Date Notice will provide sufficient notice of the Bar Dates and contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  The Debtors request that the Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings

26.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are

returned by the post office with forwarding addresses;[5] (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings deemed timely and the relevant Bar Date being applicable to the recipient creditors.

### III.    Publication Notice

27.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached hereto as **Exhibit 3** to the Bar Date Order (the "**Publication Notice**"), on one occasion in *The New York Times* (National Edition), and any such other local publication that the Debtors deem appropriate and disclose in their affidavit of service.

28.    The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

---

[5]    To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

## Basis for Relief

### I.    The Court Is Authorized to Approve the Bar Dates and the Procedures for Filing Proofs of Claim

29.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

30.    Bankruptcy Local Rule 3003-1(a) expressly provides that a claimant must file a proof of claim in a chapter 11 case within 90 days after the first date set for the § 341(a) meeting of creditors.

31.    Section M of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**") provides that "[u]nless a different date is ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the petition date for governmental units; and (ii) for all other entities, 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)." In the Bar Date Order, the Debtors seek to modify the default bar date for non-governmental units set forth in the Complex Case Procedures.

32.    The claims bar date plays an essential role in the twin goals of bankruptcy— preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases,"

thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate. *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990). The absence of a claims bar date would prolong creditor uncertainty, increase the costs and expenses incurred by Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). Until the Bar Dates pass, the Debtors remain subject to the risk that additional unknown claims may be asserted, or that creditors whose claims have been scheduled will assert amounts materially greater than the amounts listed in the Schedules.

33.     The procedures described herein provide creditors with appropriate notice, opportunity, and a clear process for filing Proofs of Claim to achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with minimal administrative expense and delay, on the other hand.

## II.     The Notice Procedures Are Reasonable and Appropriate and the Court Is Authorized to Approve the Procedures for Filing Proofs of Claim

34.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7). Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement other notice. Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication. Fed. R. Bankr. P. 2002(l); Fed. R. Bankr. P. 9008.

35.     The Debtors' proposed procedures will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

36.     The Debtors propose to mail the Bar Date Notice to their known creditors and must rely on publication to give notice to its unknown creditors.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) ("The statutory notice by publication is sufficient as to any beneficiaries whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective.").

37.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317-18.

38.     The Debtors propose to cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail no later than five (5) business days after the later of the entry of the Bar Date Order or the filing of the Schedules.  This will provide at least 30 days' notice of the Claims Bar Date, which is reasonable and consistent with notice provided in cases of similar scope and complexity.

39.     Requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  This approach facilitates a more cost-effective and efficient claims process for such creditors and obviates the need for the Debtors to file a response to individual administrative expense requests.  For this reason, courts routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.[6]

40.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors shall give notice of any amendment to the holders of affected claims and such holders will have no less than thirty (30) days from the date of mailing such notice of amendment to file Proofs of Claim with respect to their claims.

41.     Holders of claims arising from the rejection of an executory contract or unexpired lease shall file claims on account of such rejection by the later of the applicable Bar Date and 5:00 p.m., prevailing Central Time on the date that is thirty (30) days following entry of the order approving the rejection.

42.     The relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the policies of the Bankruptcy Code.  The Bar Dates and the form and manner of providing notice thereof are appropriate, inure to the benefit of all parties in interest, and should be approved.

---

[6]     For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan confirmed in these Chapter 11 Cases.

### III.    Redaction of Certain Confidential Information

43.    Bankruptcy Rule 5003 requires the clerk of the Court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation, often contain personal information such as the creditor's name and address.

> Section 107(c)(1) of the Bankruptcy Code provides that:
> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)    [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)    [o]ther information contained in a paper described in subparagraph (A).

44.    Cause exists for the Court to authorize employees and former employees of the Debtors and their non-Debtor affiliates to file a redacted Proof of Claim that does not disclose personally identifiable information with the Debtors' Claims and Noticing Agent, provided that an unredacted Proof of Claim shall be provided upon request by the Debtors.  If an employee or former employee files an unredacted Proof of Claim with the Debtors' Claims and Noticing Agent, the Debtors will take reasonable steps to redact such information on the publicly available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of the applicable data privacy laws governing the use of information outside of the United States.[7]

---

[7]    *See Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (II) Approving the Form and Manner of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 11].

**Reservation of Rights**

45.     Nothing contained in this Motion nor any action taken pursuant to the relief requested herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Motion are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

46.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee for the Southern District of Texas; (b) the counsel to the Creditors Committee; (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the Prepetition Agent; and (g) any

party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be provided.

The Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: July 19, 2024
Houston, Texas

/s/ *Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: bojan.guzina@whitecase.com
        aoneill@whitecase.com
        rj.szuba@whitecase.com
        barrett.lingle@whitecase.com

*Counsel to the Debtors and*
*Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on July 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Koster*

Charles R. Koster