United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 411** |

### ORDER APPROVING DEBTORS' MOTION FOR AN ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR SALES, TRANSFERS, AND ABANDONMENT OF DE MINIMIS ASSETS; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**")[3] approving expedited procedures for the sale of De Minimis Assets, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/zhi.  The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] Notwithstanding anything contained in this Order, any De Minimis Assets sold or abandoned pursuant to the procedures set forth in this Order shall comply with the terms of the *Stipulations and Agreed Order* [Docket No. 183], if applicable.

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized to conduct De Minimis Asset Sales outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Sale Procedures; *provided,* that these De Minimis Asset Sale Procedures shall not apply to any assets of the Debtors with a sale price in excess of $2,000,0000 during these Chapter 11 Cases:

    a) With regard to De Minimis Asset Sales with a total sale value less than or equal to $300,000:

        i) the Debtors are authorized to consummate such sales if the Debtors determine in their reasonable exercise of business judgment, and subject to the terms of any prepetition or postpetition financing agreement and any order of the Court in connection therewith, that such sales are in the best interest of the estates, without further order of the Court, subject to the noticing procedures set forth herein;

        ii) any such sales shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable sale, final and free and clear of all Liens with such Liens attaching only to the proceeds of such sales with the same validity, extent, and priority as immediately prior to the sale;

        iii) the Debtors shall, at least five (5) calendar days prior to closing such sale, give written notice (via e-mail notification) containing Sale Notice Information (as defined below) with respect to such sale to (a) the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") (attention: Jana Smith Whitworth and Andrew Jimenez); (b) counsel to the Agent (McGuireWoods LLP, attention: Shawn R. Fox and Demetra Liggins); (c) counsel to the Committee (Proskauer Rose LLP,

2

    attention: Daniel S. Desatnik); (d) any known affected creditor(s) asserting a Lien, claim, or encumbrance against, or interest in, the relevant De Minimis Assets; and (e) any other party that has requested to receive notice pursuant to Bankruptcy Rule 2002 (each, a "**Sale Notice Party**" and collectively, the "**Sale Notice Parties**");

 iv) any Sale Notice Party shall have the right to object to a De Minimis Asset Sale by notifying the Debtors of such objection within three (3) calendar days after service of such Sale Notice, without the need to file a formal objection with the Court, and, if after good faith negotiations, the Debtors and such Sale Notice Party are unable to resolve such objection consensually, the Sale Notice Party shall promptly file a formal objection with the Court, and the matter shall be resolved by the Court prior to the closing of the sale at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar; and

 v) good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b) With regard to a De Minimis Asset Sale with a net total sale value greater than $300,000 and less than or equal to $2,000,000:

 i) the Debtors are authorized to consummate such sales if the Debtors determine in their reasonable exercise of business judgment, and subject to the terms of any prepetition or postpetition financing agreement and any order of the Court in connection therewith, that such sales are in the best interest of the estates, without further order of the Court, subject to the noticing procedures set forth herein;

 ii) any such sales shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable sale, final and free and clear of all Liens with such Liens attaching only to the proceeds of such sales with the same validity, extent, and priority as immediately prior to the sale;

 iii) the Debtors shall, at least ten (10) calendar days prior to closing such sale, give written notice (via e-mail notification) of such sale substantially in the form attached to the Order as **Exhibit 1** (each notice, a "**Sale Notice**") to the Sale Notice Parties;

 iv) if the terms of a proposed sale are materially amended after transmittal of the Sale Notice, the Debtors shall send an amended Sale Notice (the "**Amended Sale Notice**") to the Sale Notice Parties prior to closing such sale, which shall be no earlier than ten (10) calendar days after the sending of the Amended Sale Notice;

        v)        the content of the Sale Notice sent to the Sale Notice Parties for the applicable De Minimis Asset Sale shall consist of: (a) identification of the De Minimis Assets being sold; (b) identification of the purchaser(s) or, alternatively, information regarding the auction where the De Minimis Assets will be sold, as applicable; (c) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets; (d) a copy of the sale agreement evidencing the terms of the De Minimis Asset Sale or, alternatively, a summary of the material economic terms and conditions of the De Minimis Asset Sale, including the purchase price; (e) the net book value of De Minimis Assets being sold; (f) any commission, fees, or similar expenses to be paid in connection with such sale; (g) a summary of the marketing efforts, if any, undertaken in connection with the sale (the "**Sale Notice Information**"); and (h) any other significant terms of the Noticed De Minimis Asset Sale including, for the avoidance of doubt, whether the Debtors intend to abandon any De Minimis Assets with an aggregate value greater than $25,000 in connection therewith;

        vi)        any Sale Notice Party shall have the right to object to a De Minimis Asset Sale by notifying the Debtors of such objection within the later of (a) five (5) calendar days after service of such Sale Notice or (b) five (5) calendar days after service of an Amended Sale Notice, as applicable, (together, the "**Sale Notice Period**"), without the need to file a formal objection with the Court, and, if after good faith negotiations, the Debtors and such Sale Notice Party are unable to resolve such objection consensually, the Sale Notice Party shall promptly file a formal objection with the Court, and the matter shall be resolved by the Court prior to the closing of the sale at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar; and

        vii)        if no objections are received within the Sale Notice Period, the Debtors are authorized to consummate such sale immediately.

2.        Sales of any assets of the Debtors' estates consummated pursuant to the procedures set forth herein shall not exceed a total aggregate sales price of $2,000,000.

3.        Sales to non-Debtor affiliates and "insiders," as that term is defined in section 101(31) of the Bankruptcy Code are excluded from this Order and shall require separate approval from this Court.

4.        Notice and a failure to timely object to a De Minimis Asset Sale in accordance with the terms of this Order shall be deemed to be "consent" to such De Minimis Asset Sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

4

5. Sales of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale. The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale, be deemed to have waived and released such lien, claim, encumbrance, or interest on the applicable De Minimis Assets, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the closing of the De Minimis Asset Sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

6. De Minimis Asset Sales shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code, and purchasers of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

7. The Sale Notice with regard to the sale of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

8. Service of the Sale Notice, as applicable, is sufficient notice of the sale of such De Minimis Assets.

9. With respect to all sales consummated pursuant to this Order, this Order shall be the sole and sufficient evidence of the transfer of title to any particular buyer, and the sales consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons

and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as the sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the sales contemplated hereby.

10.  Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sound business judgment, to abandon the De Minimis Assets that have an aggregate value less than or equal to $25,000, without further order of the Court or notice to any party provided that any abandoned De Minimis Assets that have an aggregate value greater than $25,000 will be subject to notice of such abandonment being given in accordance with the De Minimis Asset Sale Procedures, as set forth in paragraph 1(b); *provided further* that if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or customers (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court.  Any successor in interest of any of the locations at which De Minimis Assets are abandoned shall be free, to dispose of such De Minimis Assets without notice or liability to any party and without further notice or order of the Court, except as may be required by applicable non-bankruptcy law.  Any personal property of the Debtors at remaining locations shall be deemed abandoned as of the date of such abandonment, free and clear of all liens, claims, interests, or other encumbrances.

11. Notwithstanding anything to the contrary in this Order, the relief granted herein shall not be applicable to the vehicles (the "**Element Leased Vehicles**") leased pursuant to the Master Lease Agreement dated July 1, 2008 (the "**MLA**") by and between Gelco Fleet Trust, as successor to Element Fleet Corporation f/k/a Gelco Corporation ("**Element Fleet**"), and Debtor Zachry Industrial, Inc.  The Element Leased Vehicles shall not be considered as De Minimis Assets and shall not be subject to being sold or otherwise disposed of pursuant to the De Minimis Asset Sale Procedures.  The Element Leased Vehicles may only be sold in accordance with the terms of the MLA.

12. The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators.

13. Nothing contained in the Motion or this Order, nor any action taken pursuant thereto, nor any payment made pursuant to the authority granted thereby, is intended to be or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or

otherwise) that may be satisfied pursuant to the Motion are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

14. Notwithstanding anything to the contrary in this Order, the De Minimis Asset Sale Procedures or any notice pursuant thereto, none of the Debtors' insurance policies and/or agreements related thereto, including any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred pursuant to any sale(s) or abandonment of the De Minimis Assets, without the express prior written consent of the applicable insurer and/or third party administrator.

15. Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the sale of any asset under section 363 of the Bankruptcy Code.

16. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

17. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 24, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Sales Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|   | ) |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
|   | ) |
| Debtors. | ) (Jointly Administered) |
|   | ) |

**NOTICE OF SALE**

**PLEASE TAKE NOTICE** that, on May 21, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2024, the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") entered an *Order Approving Debtors' Motion For An Entry Of An Order (I) Establishing Procedures For Sales, Transfers, And Abandonment Of De Minimis Assets; And (II) Granting Related Relief* [Docket No. [●]] (the "**Order**"), authorizing the Debtors to sell, transfer, or abandon certain assets and collections of assets, including any rights or interests therein.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Debtors propose to sell (the "**Proposed Sale**") the assets set forth and described on **Exhibit A** attached hereto (the "**Assets**") free and clear of all liens, claims, interests, and encumbrances. **Exhibit A** identifies: (a) the Assets; (b) the proposed purchaser or the selling entity of the Assets; (c) the material economic terms and conditions of the Proposed Sale, including the purchase price; (d) any broker or auctioneer that advised or assisted the Debtors with such transactions and any fees paid to such party in connection with such transactions, if applicable; (e) any commission, fees, or similar expenses to be paid in connection with the Proposed Sale; and (f) a summary of the marketing efforts, if any, undertaken in connection with the sale.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, if the terms of the Proposed Sale are materially amended after transmittal of this Notice of Sale, the Debtors will send an amended Notice of Sale (the "**Amended Sale Notice**") to the recipients of this Notice of Sale.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any party may object

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/zhi. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

2

to the Proposed Sale (each, an "**Objection**").  Objections must (a) specify the basis for the Objection, and (b) be submitted by mail or email to proposed counsel to the Debtors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Attn: Andrew F. O'Neill (aoneill@whitecase.com), White & Case LLP, 609 Main Street, Suite 2900, Houston, TX 77002, Attn: Charles Koster (charles.koster@whitecase.com), and White & Case LLP, 555 S. Flower St., Suite 2700, Los Angeles, CA 90071, Attn: RJ Szuba (rj.szuba@whitecase.com), such that the Objection is **actually received by the Debtors' proposed counsel on or before the later of (i) ten (10) calendar days after service of this Notice of Sale or (ii) five (5) calendar days after service of an Amended Sale Notice, as applicable (the "Objection Deadline")**.

**Initial Objections must be received by the Debtors' proposed counsel by the Objection Deadline but are <u>not</u> required to be filed with the Court.  If after good faith negotiations, you and the Debtors are unable to resolve your Objection consensually, you must promptly file a formal objection to the Proposed Sale with the Court, and the matter shall be resolved by the Court prior to the closing of the Proposed Sale at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.**

**PLEASE TAKE FURTHER NOTICE** that a copy of the Order may be obtained from the Debtors' claims agent, Kurtzman Carson Consultants, LLC (KCC), by (i) calling (866) 479-8211 (Toll Free) or +1 (781) 575-2037 (International), or (ii) visiting the Debtors' restructuring website at https://veritaglobal.net/zhi.