IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al.*,[1] | Case No. 24-90377 (MI) |
| Debtors. | (Jointly Administered) |
|  | Re. Docket No. 587 |

**INTERIM ORDER (I) APPROVING THE SETTLEMENT BY AND AMONG THE DEBTORS, GOLDEN PASS LNG TERMINAL LLC, CB&I LLC, CHIYODA INTERNATIONAL CORPORATION, AND CCZJV (II) AUTHORIZING THE PARTIES TO PERFORM ANY AND ALL OBLIGATIONS CONTEMPLATED BY THE SETTLEMENT, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

Upon the emergency motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an interim order (this "**Interim Order**") and a final order (the "**Final Order**") (a) approving a global settlement (the "**Settlement**") by and among the Debtors, Golden Pass LNG Terminal LLC ("**Golden Pass**"), CB&I LLC ("**CB&I**"), Chiyoda International Corporation ("**Chiyoda**"), and the unincorporated hybrid joint venture formed by Debtor Zachry Industrial, Inc. ("**ZII**"), CB&I and Chiyoda ("**CCZJV**," and, together with the Debtors, Golden Pass, CB&I, and Chiyoda, the "**Parties**") all disputes, controversies, claims, and causes of action arising out of or otherwise related to the GPX Project, the EPC Contract, and the HJVA on the terms and conditions set forth in the term sheet attached hereto as **Exhibit A** and incorporated herein (the "**Term Sheet**"), (b) authorizing the Parties to perform any

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Term Sheet.

and all obligations contemplated by the Settlement on an interim basis, (c) scheduling a final hearing on August 12, 2024 (the "**Final Hearing**") to consider entry of the Final Order, and (d) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of and in opposition, if any, to the relief requested therein at an interim hearing before this Court (the "**Interim Hearing**"); and this Court having considered the *Declaration of Mohsin Y. Meghji in Support of the Debtors' Emergency Motion for Interim and Final Orders (I) Approving the Settlement by and among the Debtors, Golden Pass LNG Terminal LLC, Chiyoda International Corporation, and CB&I LLC, (II) Authorizing the Parties to Perform Any and All Obligations Contemplated by the Settlement, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*; and this Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[3]

A. The Settlement is a good-faith compromise and settlement of disputes, controversies, claims, and causes of action among the Parties arising out of or otherwise related to the GPX Project, the EPC Contract, and the HJVA as set forth in the Term Sheet.

B. The Settlement is the product of extensive arm's-length, good faith negotiations and represents a fair and reasonable compromise among the Parties. The Settlement is reasonable. fair, equitable, appropriate, and in the best interests of each of the Debtors and their estates, and entry into the Settlement reflects a sound exercise of the Debtors' business judgment.

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to enter into the Settlement in accordance with and subject to the terms and conditions of this Interim Order.

2. The Settlement is approved in all respects and shall be binding and enforceable in accordance with its terms on the Debtors, their estates, the Prepetition Agent (in its capacity as such, as well as Issuer of the L/C), Golden Pass, CB&I, Chiyoda, and CCZJV, and each of their respective successors and permitted assigns, in each case in accordance with the Term Sheet attached hereto as **Exhibit A**, and incorporated in this Interim Order; *provided* that any provision of the Settlement that is subject to entry of the Final Order shall become binding solely upon entry of the Final Order. The provisions of this Interim Order shall be effective immediately upon entry of this Interim Order except as expressly made subject to entry of a Final Order herein and as set forth in the Term Sheet.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Parties are authorized and directed to take any and all actions necessary to consummate the Settlement and to perform any and all obligations contemplated by the Settlement, the Term Sheet, this Interim Order, and the Definitive Documents, including, without limitation, the granting of waivers and releases, performing all acts, and making, executing, and delivering any and all instruments as may be reasonably necessary to implement the terms and conditions of the Term Sheet, this Interim Order, and the Definitive Documents. The stay of section 362 of the Bankruptcy Code is hereby modified to permit the Parties to implement the terms and conditions of the Term Sheet, this Interim Order, and the Definitive Documents and accomplish the transactions contemplated thereby.

### EPC Contract and HJVA Rejection

4. Subject to entry of the Final Order, the Debtors' interests in the EPC Contract and the HJVA shall be rejected in accordance with section 365 of the Bankruptcy Code; *provided* that the Debtors' rejection of their interests in the EPC Contract and the HJVA shall not (i) modify or otherwise affect their entitlement to insurance coverage with respect to any claims made or related to the time period prior to rejection, (ii) terminate the EPC Contract or the HJVA, or (iii) give rise to rejection damages against the estates.

### GPX Project Control

5. The Debtors shall commence demobilization efforts in accordance with the terms and conditions set forth in the Term Sheet.

6. Golden Pass, CB&I, Chiyoda, and any vendor, subcontractor, supplier or other third-party acting at the direction of Golden Pass, CB&I, or Chiyoda are authorized to continue, commence, or otherwise perform any services or work related to the EPC Contract or the GPX Project, and Golden Pass shall be permitted to pay CB&I and/or Chiyoda directly for any work

completed under the EPC Contract in accordance with the terms and conditions set forth in the Term Sheet.

7. CB&I and Chiyoda are authorized to exercise any rights under the HJVA necessary for CB&I or Chiyoda to perform any work under the EPC Contract, including amending and restating the EPC Contract and the HJVA.

### GPX Project Documents, Data, Materials, and Transition

8. The Debtors shall (i) turn over all project documents, data and related database(s), materials, and any other property belonging to Golden Pass, CB&I, Chiyoda, or CCZJV, (ii) make project data available to Golden Pass, CB&I, and Chiyoda as necessary to transition ZII's scope of work, and (iii) assign and/or novate agreements to CB&I and/or Chiyoda as requested by CB&I and/or Chiyoda in accordance with the terms and conditions set forth in the Term Sheet subject to all applicable law including the Bankruptcy Code and further order of the Court and/or consent of the counterparty; *provided* that the Debtors shall not be required to provide employees, licenses, or intellectual property that they are not otherwise required to provide under the EPC Contract upon exit from the GPX Project.

### Golden Pass Direct Payment of Project Vendors and Subcontractors

9. Golden Pass shall pay all unpaid ZII obligations to vendors and subcontractors in accordance with the terms and conditions set forth in the Term Sheet.

### Permitted L/C Draws and Parent-Guarantee Release

10. Subject to entry of the Final Order, Golden Pass shall be authorized to draw on the *Irrevocable Standby Letter of Credit*, No. 3139428, dated February 25, 2019 (as amended, the "**L/C**") at the times and in the amounts of the Permitted L/C Draws, as set forth in the Term Sheet.

11. Subject to entry of the Final Order, the Issuer shall be authorized to reduce availability under the L/C to the aggregate amount of Permitted L/C Draws as set forth in the Term Sheet, and the Parent Guarantee shall be reduced to the amount of the Permitted L/C Draws.

12. Subject to entry of the Final Order, upon Golden Pass's receipt of the final Permitted L/C Draw as set forth in the Term Sheet, (i) the L/C shall be deemed cancelled, null, and void, and Golden Pass shall not be permitted to request any other or additional draws thereunder, and (ii) Golden Pass shall be deemed to release, waive, and discharge any and all rights it has or may have in respect of the L/C, the Issuer, and the Parent Guarantee, in each case, as set forth in the Term Sheet.  Until Golden Pass receives the Final Permitted L/C Draw, the Debtors and the Issuer shall renew the L/C as necessary, and will not take any action that would impair, affect, or prejudice Golden Pass's rights to the Permitted L/C Draws.  Notwithstanding anything contained in the Term Sheet to the contrary, nothing in the Term Sheet shall relieve the Debtors from complying with the requirements for renewal of the L/C pursuant to that certain Third Amendment to Second Amended and Restated Credit Agreement, dated as of May 2, 2023 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time) and all other agreements, documents, instruments and certificates executed or delivered in connection therewith, including, without limitation, the Loan Documents (as defined therein).

13. Subject to entry of the Final Order, the Debtors hereby waive, release, and extinguish any claims, defenses, or disputes with respect to the Permitted L/C Draws, and the Debtors and the Issuer stipulate and agree and it is hereby determined that all prerequisites and conditions for the Permitted L/C Draws in accordance with the L/C will be deemed to have been met (except for actual payment of the Excess Claims by Golden Pass).  For each Permitted L/C Draw, Golden Pass shall notify the Issuer of the Permitted L/C Draw Request in the manner set

forth in Annex A to the L/C; *provided, however*, that a copy of the Final Order (with the Term Sheet) and a signed statement by an authorized representative of Golden Pass that the Permitted L/C Draw request is in accordance with the provisions of the Final Order and the Term Sheet shall satisfy paragraph 1, 2, and 3 of Annex A. To the extent necessary to effectuate the agreements provided under the Term Sheet, Golden Pass, the Debtors, and the Issuer will amend the L/C consistent with the provisions of the Term Sheet.

## Retainage

14. Within five business days following entry of this Interim Order, Golden Pass shall pay the Retainage to the Debtors to support ZII's demobilization costs in respect of the GPX Project in accordance with the Term Sheet. The Debtors shall have no other rights, claims, or interests with respect to the Retainage.

## Transfer of Project-Site Equipment

15. The Debtors shall assign or otherwise transfer all of their right, title, and interest in and to the Project-Site Equipment to Golden Pass without charge or costs of any kind on an as-is, where-is basis, free and clear of any rights, claims, charges, or interests pursuant to section 363(f) of the Bankruptcy Code. Golden Pass is entitled to all the rights and protections under section 363(m) of the Bankruptcy Code on account of the transfer of the Project-Site Equipment as a good faith purchaser to the maximum extent permitted by applicable law.

16. The Prepetition Agent shall execute and deliver one or more lien releases with respect to the Project-Site Equipment within five business days following entry of the Final Order.

## Mutual Releases

17. Subject to entry of the Final Order, Golden Pass and the Debtors shall mutually release each other (and each other's respective affiliates, parents, representatives, members,

member parents, and member parent affiliates, along with their shareholders, related parties, officers, directors, employees, agents, professionals, successors, and assigns) from any and all claims and causes of action, known, unknown, now existing or hereafter arising, related to or arising from the EPC Contract, the HJVA, the Adversary Proceeding, or the GPX Project, including without limitation claims or causes of action that may be held by Golden Pass against the Debtors related to any warranties, guarantees, advance payments, levee work, default damages, delay damages, rejection damages, subrogation claims, and/or vendor or subcontractor payments. Golden Pass's release of the Debtors shall not waive, impair, prejudice, or affect any rights, claims or interests under the L/C with respect to the Permitted L/C Draws or the Parent Guarantee, consistent with the provisions of the Term Sheet.

18. Subject to entry of the Final Order, each of CB&I and Chiyoda shall execute mutual releases with the Debtors (and each other's respective affiliates, parents, representatives, members, member parents, and member parent affiliates, along with their shareholders, related parties, officers, directors, employees, agents, professionals, successors, and assigns) from any and all claims and causes of action, known, unknown, now existing or hereafter arising, related to or arising from the EPC Contract, the HJVA, or the GPX Project, including, as applicable, rejection thereof. For the avoidance of any doubt, the foregoing mutual releases shall include any claims arising under or in connection with parent company guarantees provided in connection with the HJVA. The foregoing releases shall not prevent CB&I or Chiyoda from pursuing recovery from any applicable insurance carrier related to warranty claims against the Debtors, at no expense to the Debtors, with which the Debtors will reasonably cooperate.

19. Subject to entry of the Final Order, Golden Pass shall release CB&I, Chiyoda and CCZJV (and their respective affiliates, parents, representatives, related parties, shareholders,

officers, directors, employees, agents, professionals, successors, and assigns) from any and all claims and causes of action, known, unknown, now existing or hereafter arising, related to or arising from the EPC Contract, the HJVA, or the GPX Project prior to entry of this Interim Order; *provided* that, without modifying any release of the Debtors, Golden Pass shall not release claims based on work performed or services provided (whether directly or through any vendor, supplier, or subcontractor) by CB&I or Chiyoda, including any warranty claims, in connection with CB&I or Chiyoda's respective Own Work (as defined in Section 3.2 and Exhibit 4 of the HJVA).

20. Except as otherwise agreed in writing by the Parties, and subject to entry of the Final Order, CB&I, Chiyoda, and CCZJV shall release Golden Pass (and its affiliates, parents, representatives, members, member parents, and member parent affiliates, along with their related parties, shareholders, officers, directors, employees, agents, professionals, successors, and assigns) from any and all claims and causes of action arising from the EPC Contract, the HJVA, or the GPX Project prior to entry of this Interim Order; *provided* that, without modifying any release of the Debtors, CB&I, Chiyoda, and CCZJV shall not release existing or future contractual obligations or claims against Golden Pass arising from work performed or services provided (whether directly or through any vendor, supplier, or subcontractor) by CB&I, Chiyoda, or CCZJV in connection with the GPX Project (under the EPC Contract or otherwise).

### Dismissal of Adversary Proceeding; Abatement of Deadlines

21. Subject to entry of the Final Order, the Debtors shall dismiss, with prejudice, the adversary proceeding, styled as *Zachry Industrial, Inc. v. Golden Pass LNG Terminal LLC*, Adv. No. 24-03105, currently pending before the Court (the "**Adversary Proceeding**").

22. Pending entry of the Final Order, any pending dates and deadlines related to the Adversary Proceeding, Bankruptcy Rule 2004 notices, and the Contested Matters, including,

9

without limitation, any deadlines for answering or otherwise responding to the complaint in the Adversary Proceeding and any discovery or subpoenas served on Golden Pass, Golden Pass's shareholders or members, and their respective affiliates (and their respective officers and directors), CB&I, or Chiyoda, are hereby abated.

23. Pending entry of the Final Order, the Parties shall not commence any additional proceedings against, or serve any additional discovery upon, any other Party (including their respective affiliates, parents, representatives, related parties, members, member parents, member parent affiliates, shareholders, officers, directors, employees, agents, professionals, successors, and assigns) related to or arising from the EPC Contract, the HJVA, or the GPX Project.

## Related Relief

24. Except as expressly set forth in the Term Sheet, nothing contained in this Interim Order shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; and (i) a concession by the Debtors

that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

25. The provisions of this Interim Order made effective immediately upon entry of this Interim Order shall remain in full force and effect and shall be binding upon the Parties and any successors or assigns, the Debtors' estates, and any parties in interest, notwithstanding conversion or dismissal of the Debtors' chapter 11 cases, appointment of a trustee or examiner, or entry of the Final Order.

26. The Parties shall cooperate with each other in good faith to achieve, execute, and otherwise consummate the terms of the Settlement and all related transactions, and to take all reasonable steps to give effect to all of the terms, conditions and agreements contained in the Settlement, including the negotiation and completion of the Definitive Documents.

27. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

28. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

29. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

30. The Final Hearing shall be held on August 12, 2024 at _:__ p.m. (prevailing Central Time), and any objections to the final relief sought in the Motion shall be filed with the Court no later than August 5, 2024 at 4:00 p.m. (prevailing Central Time).

31. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: __, 2024

                                               MARVIN ISGUR
                                             UNITED STATES BANKRUPTCY JUDGE