**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZACHRY HOLDINGS, INC., *et al.*, [1] | ) Case No. 24-90377 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re:  Docket No. 589** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION**
**DAMAGES BAR DATE, (III) APPROVING THE FORM AND MANNER**
**FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS,**
**(IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Bar Date Order**") (a) establishing deadlines for filing Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates (all as more fully set forth in the Motion); and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order

---

[1]     The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is:  P.O. Box 240130, San Antonio, Texas 78224.

[2]     Except as otherwise defined herein and in the Motion, all terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

I.      **The Bar Dates and Procedures for Filing Proofs of Claim**

1.      Each entity that asserts a claim against any of the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "**Proof of Claim**"), substantially in the form attached hereto as **Exhibit 1** (the "**Proof of Claim Form**") or Official Form 410.  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before 5:00 p.m. prevailing Central Time on September 16, 2024**.  The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Bar Date Order.

2.      Each employee and former employee of the Debtors and their non-Debtor affiliates that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information with the Debtors' Claims and Noticing Agent, provided that an unredacted Proof of Claim shall be provided upon request by the Debtors.

3.      The Debtors are authorized to take reasonable action to prevent employees' and former employees' personally identifiable information from being publicly available on the claims register.

4.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods of prepetition transactions to which any of the Debtors were a party, so they are **actually received on or before November 18, 2024, at 5:00 p.m., prevailing Central Time** (the "**Governmental Bar Date**"), at the address and in the form set forth herein.

5.      Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** (the "**Rejection Damages Bar Date**").

6.      If the Debtors amend the Schedules after having given notice of the Bar Dates (as defined below), the Debtors shall give notice by first-class mail of any amendment and notice of

the Amended Schedules Bar Date (as defined below) to holders of claims affected thereby.  Except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, such holders must file their Proofs of Claim on account of such affected claims so that they are **actually received** by the Claims and Noticing Agent, in accordance with the instructions set forth in this Bar Date Order, by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty 30 days following the date on which the Debtors mail notice of an amendment to the Schedules** (the "**Amended Schedules Bar Date**" and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "**Bar Date**" or "**Bar Dates**").

7.    All Proofs of Claim must be filed or submitted so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

## II.    Parties Required to File Proofs of Claim

8.    The following entities holding claims against the Debtors arising prior to the Petition Date shall be required to file a Proof of Claim on or before the applicable Bar Date or the other applicable Bar Date:

    a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or in an amount different than set forth in the Schedules;

c.    any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against a Debtor to the extent grounds for such grievance arose on or prior to the Petition Date;

d.    any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.    any entity alleging that its claim against a Debtor is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    Parties Not Required to File Proofs of Claim by the Applicable Bar Date

9.    The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the applicable Bar Date:

a.    the United States Trustee for the Southern District of Texas, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.    any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to an order authorizing the Debtors' use of cash collateral (whether on an interim or final basis);

c.    any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the claim asserted therein that was properly filed against the correct Debtor(s);

d.    any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.      any entity whose claim has previously been allowed by a final order of the Court;

f.      any Debtor or non-Debtor affiliate holding a claim against a Debtor;

g.      any entity whose claim is solely against any non-Debtor affiliates;

h.      any entity whose claim has been paid in full by the Debtors pursuant to a Court order;

i.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.      any entity holding a claim for which a separate deadline is fixed by this Court;

l.      any entity holding an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim by the Claims Bar Date;

m.      any entity holding an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

n.      any entity holding an equity interest in any Debtor; *provided* that any holder of an equity interest that wishes to assert a claim against any Debtor other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such equity interest or recission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting any such claims on or before the Claims Bar Date.

10.     Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), whether or not such person or entity is or may be included in, or represented by, a purported class action, class suit, or similar

representative action filed, or that may be filed, against the Debtors (collectively "**Representative Actions**"), that holds, or seeks to assert, a claim against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, claims arising under section 503(b)(9) of the Bankruptcy Code, unsecured priority claims, unsecured non-priority claims, must properly file a Proof of Claim on or before the applicable Bar Date. The Debtors and all other parties in interest reserve all rights with respect to any Representative Action and any Proof of Claim filed in respect to a Representative Action.

### IV.  Requirements for Preparing and Filing Proofs of Claim

11.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    **Contents**. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) include information regarding payment from any third party on account of, in connection with, or otherwise relating to the claim, if applicable; (v) information on the project, job, and purchase order that the claim relates to, if applicable; and (vi) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.    **Section 503(b)(9) Claim**. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach documentation identifying (a) the particular invoices for which such claim is being asserted, (b) the Debtor to which the goods were shipped, (c) the date the Debtor received such goods, (d) the value of the goods, (e) whether the value of such claim represents a combination of goods and services, and (f) whether any other claim has been filed with respect to such goods; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    **Electronic Signatures Permitted**.  Only **original** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.    **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 24-90377), or otherwise without identifying a specific Debtor, may be deemed as filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

e.    **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

f.    **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.    **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.veritaglobal.net/ZHI or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Zachry Claims Processing Center
c/o KCC dba Verita
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   Identification of Known Creditors

12.   The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.   Procedures for Providing Notice of Bar Date

### A.   Mailing of Bar Date Notices

13.   The Debtors will cause a written notice of the Bar Date Package to be served via email, facsimile, or first class mail no later than five (5) business days upon entry of the Bar Date Order, substantially in the form attached hereto as **Exhibit 2** (the "**Bar Date Notice**") and a Proof of Claim Form (together, the "**Bar Date Package"**) to be mailed via email, facsimile, or first class mail to the following entities:

a.   the United States Trustee for the Southern District of Texas;

b.   the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.   Counsel to the Official Committee of Unsecured Creditors in these chapter 11 cases;

d.      all entities listed in the Schedules as holding Claims (including those listed as contingent, unliquidated, or disputed) against the Debtors;

e.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date that the Bar Date Order is entered;

f.      all entities that have filed Proofs of Claim in these chapter 11 cases as of the date that the Bar Date Order is entered;

g.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

h.      all entities who are a party to executory contracts and unexpired leases with the Debtors;

i.      all entities who are a party to active litigation with the Debtors;

j.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

k.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

l.      the Offices of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

m.      the District Director of the Internal Revenue Service for the Southern District of Texas;

n.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

o.      all other entities listed on the Debtors' matrix of creditors;

p.      the United States Securities and Exchange Commission; and

q.      the Office of the United States Attorney for the Southern District of Texas.

14.    Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

**B.    Supplemental Mailings**

15.    After the initial mailing of Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are

returned by the post office with forwarding addresses, *provided*, that the Debtors shall not be required to mail additional notices to entities whose notices are returned by the post office as "return to sender" without a forwarding address; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

       **C.**       **Publication of Bar Date Notice**

      16.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form annexed hereto as **<u>Exhibit 3</u>** (the "**Publication Notice**"), on one occasion in each of *The New York Times* (National Edition) and *USA Today* (National Edition), and any such other local publications that the Debtors deem appropriate and disclose in their affidavit of service.

      17.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of

each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VII.   Consequences of Failure to File a Proof of Claim**

18.    Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be found and determined to have no valid claims against or arising from any work, goods, or services provided for or at the direction of any of the Debtors and shall further be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

19.    Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VIII.   Miscellaneous**

20.     Nothing contained in this Order nor any action taken pursuant to the relief requested herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

21.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

22.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Houston, Texas
Dated: [●], 2024

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 2</u>**

**Proposed Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-90377 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Zachry Holdings, Inc. | 24-90377 (MI) |
| Zachry EPC Holdings, Inc. | 24-90378 (MI) |
| Zachry Engineering Corporation | 24-90379 (MI) |
| Zachry High Voltage Solutions, LLC | 24-90381 (MI) |
| ZEC New York, Inc. | 24-90380 (MI) |
| UE Properties, Inc. | 24-90382 (MI) |
| ZEC Michigan, Inc. | 24-90383 (MI) |
| Zachry Industrial, Inc. | 24-90385 (MI) |
| Zachry Constructors, LLC | 24-90384 (MI) |
| Moss Point Properties, LLC | 24-90387 (MI) |
| Zachry Enterprise Solutions, LLC | 24-90386 (MI) |
| Zachry Nuclear, Inc. | 24-90389 (MI) |
| Zachry Nuclear Construction, Inc. | 24-90388 (MI) |
| Zachry Nuclear Engineering, Inc. | 24-90390 (MI) |
| Computer Simulation & Analysis, Inc. | 24-90391 (MI) |
| Zachry Plant Services Holdings, Inc. | 24-90392 (MI) |
| JVIC Fabrication, LLC | 24-90393 (MI) |
| Zachry Industrial Americas, Inc. | 24-90394 (MI) |
| Zachry Maintenance Services, LLC | 24-90395 (MI) |
| J.V. Industrial Companies, LLC | 24-90396 (MI) |

---

[1]    The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is:  P.O. Box 240130, San Antonio, Texas 78224.

| DEBTOR | CASE NO. |
|---|---|
| **Madison Industrial Services Team, LLC** | **24-90397 (MI)** |

**PLEASE TAKE NOTICE THAT:**

On May 21, 2024, (the "**Petition Date**"),[2] Zachry Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

On [●], 2024 the Court entered an order [Docket No. [●]] the ("**Bar Date Order**") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("**Proofs of Claim**").

For your convenience, enclosed with this notice (this "**Notice**") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these chapter 11 cases (the "**Schedules**"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules. You may make corrections to the pre-populated information, if any, to your Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.     THE BAR DATES.**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively the "**Bar Dates**").

        a.     **The Claims Bar Date**. Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9), must file a Proof of Claim by **September 16, 2024.**

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.  **The Governmental Bar Date**.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date must file a Proof of Claim by the Governmental Bar Date (i.e., by November 18, 2024, at 5:00 p.m., prevailing Central Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.  **The Rejection Damages Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases must file a Proof of Claim by the Rejection Damages Bar Date, (*i.e.,* by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors)**.

d.  **Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules must file a Proof of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following the date on which the Debtors mail notice of the amendment to the Schedules)**.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date **must** file Proofs of Claim on or before the applicable Bar Date or any other applicable bar date set forth in the Bar Date Order, as applicable:

a.  any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.  any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its

claim allowed under a different classification or in an amount different than that set forth in the Schedules;

c.     any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against a Debtor to the extent grounds for such grievance arose on or prior to the Petition Date;

d.     any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.     any entity alleging that its claim against a Debtor is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**Any persons and entities listed above shall be required to file a Proof of Claim by the applicable Bar Date, regardless if such person or entity is or may be included in, or represented by a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively, "Representative Actions") and/or any Proof of Claim in respect of a Representative Action.**

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

a.     the United States Trustee for the Southern District of Texas, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.     any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to an order authorizing the Debtors' use of cash collateral (whether on an interim or final basis);

c.     any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the claim asserted therein that was properly filed against the correct Debtor(s);

d.     any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not

dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.      any entity whose claim has previously been allowed by a final order of the Court;

f.      any Debtor or non-Debtor affiliate holding a claim against a Debtor;

g.      any entity whose claim is solely against any non-Debtor affiliates;

h.      any entity whose claim has been paid in full by the Debtors pursuant to a Court order;

i.      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.      any entity holding a claim for which a separate deadline is fixed by the Court;

l.      any entity holding an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, other than a claim arising under 503(b)(9) of the Bankruptcy Code;

m.      any entity holding an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

n.      any entity holding an equity interest in any Debtor; *provided* that any holder of an equity interest that wishes to assert a claim against any Debtor other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such equity interest or recission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting any such claims on or before the Claims Bar Date.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States

dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) include information regarding payment from any third party on account of, in connection with, or otherwise relating to the claim, if applicable; (v) include information on the project, job, and purchase order that the claim relates to, if applicable; and (vi) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. **Section 503(b)(9) Claim**. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach documentation identifying (a) the particular invoices for which such claim is being asserted, (b) the Debtor to which the goods were shipped, (c) the date the Debtor received such goods, (d) the value of the goods, (e) whether the value of such claim represents a combination of goods and services, and (f) whether any other claim has been filed with respect to such goods; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. **Electronic Signatures Permitted**. Only **original** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d. **Identification of the Debtor Entity**. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (Case No. [●]), or otherwise without identifying a specific Debtor, may be deemed as filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

e. **Claim Against Multiple Debtor Entities**. Each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Zachry Holdings, Inc. in the Debtors' sole discretion.

f.  **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel,[3] such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.  **Timely Service**.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.veritaglobal.net/ZHI, or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Zachry Claims Processing Center
c/o KCC dba Verita
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar

---

[3]  Any notice to the Debtors' counsel should be addressed to: White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinoi 60606, Attn: Fan He (fhe@whitecase.com); RJ Szuba (rj.szuba@whitecase.com); Barrett Lingle (barrett.lingle@whitecase.com); Clint Simkins (clint.simkins@whitecase.com); and Alonso Aquije (alonso.aquije@whitecase.com).

Date order on or before the applicable Bar Date, please be advised that:

      a.      YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

      b.      THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

      c.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

      d.      YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. If you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://www.veritaglobal.net/ZHI. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (866) 479-8211 (U.S./Canada) or +1 (781) 575-2037 (International).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

## Exhibit 3

**Form of Publication Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

---

**THE CLAIMS BAR DATE IS SEPTEMBER 16, 2024, AT 5:00 P.M. (PREVAILING CENTRAL TIME)**

**THE GOVERNMENTAL CLAIMS BAR DATE IS:
NOVEMBER 18, 2024, AT 5:00 P.M. (PREVAILING CENTRAL TIME)**

---

**Deadlines for Filing Proofs of Claim**.  On [●], 2024, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. [●]] (the "**Bar Date Order**") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "**Proofs of Claim**"), in these chapter 11 cases of the following debtors and debtors in possession (collectively, the "**Debtors**"):

| DEBTOR | CASE NO. |
|---|---|
| **Zachry Holdings, Inc.** | **24-90377 (MI)** |
| **Zachry EPC Holdings, Inc.** | **24-90378 (MI)** |
| **Zachry Engineering Corporation** | **24-90379 (MI)** |
| **Zachry High Voltage Solutions, LLC** | **24-90381 (MI)** |
| **ZEC New York, Inc.** | **24-90380 (MI)** |
| **UE Properties, Inc.** | **24-90382 (MI)** |
| **ZEC Michigan, Inc.** | **24-90383 (MI)** |
| **Zachry Industrial, Inc.** | **24-90385 (MI)** |
| **Zachry Constructors, LLC** | **24-90384 (MI)** |
| **Moss Point Properties, LLC** | **24-90387 (MI)** |

---

[1]   The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is:  P.O. Box 240130, San Antonio, Texas 78224.

| DEBTOR | CASE NO. |
|---|---|
| **Zachry Enterprise Solutions, LLC** | **24-90386 (MI)** |
| **Zachry Nuclear, Inc.** | **24-90389 (MI)** |
| **Zachry Nuclear Construction, Inc.** | **24-90388 (MI)** |
| **Zachry Nuclear Engineering, Inc.** | **24-90390 (MI)** |
| **Computer Simulation & Analysis, Inc.** | **24-90391 (MI)** |
| **Zachry Plant Services Holdings, Inc.** | **24-90392 (MI)** |
| **JVIC Fabrication, LLC** | **24-90393 (MI)** |
| **Zachry Industrial Americas, Inc.** | **24-90394 (MI)** |
| **Zachry Maintenance Services, LLC** | **24-90395 (MI)** |
| **J.V. Industrial Companies, LLC** | **24-90396 (MI)** |
| **Madison Industrial Services Team, LLC** | **24-90397 (MI)** |

**The Bar Dates**.  Pursuant to the Bar Date Order, **all** entities (except governmental units), including individuals, entities, estates, trusts, person or entity who is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors that have a claim or potential claim against the Debtors that arose prior to May 21, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **September 16, 2024 at 5:00 p.m. prevailing Central Time (the "Claims Bar Date")**.  Governmental entities that have a claim or potential claim against the Debtors that arose prior to May 21, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **November 18, 2024, at 5:00 p.m., prevailing Central Time** (the "**Governmental Bar Date**").  All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by **the date that is (a) the later of the Claims Bar Date or the Governmental Bar Date**, as applicable, and **(b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** (the "**Rejection Damages Bar Date**").  All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "**Schedules**") are required to file Proofs of Claim, by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules**, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claims against any Debtor (the "**Amended Schedules Bar Date**").

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION**

ON ANY CHAPTER 11 PLAN.

**Filing a Proof of Claim**.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.veritaglobal.net/ZHI, or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Zachry Claims Processing Center
c/o KCC dba Verita
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC EMAIL WILL NOT BE ACCEPTED.**

**Contents of Proofs of Claim**.  Each Proof of Claim must:  (1) be written in legible English; (2) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; (6) include information regarding payment from any third party on account of, in connection with, or otherwise relating to the claim, if applicable; (7) include information on the project, job, and purchase order that the claim relates to, if applicable; and (8) include as attachments any and all supporting documentation on which the claim is based.  **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim may be treated as if filed only against Zachry Holdings, Inc., or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Zachry, Holdings, Inc., in each case, in the Debtors' sole discretion.

**Electronic Signatures Permitted**.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

**Section 503(b)(9) Requests for Payment**.  Any Proof of Claim that asserts a right to

payment arising under section 503(b)(9) of the Bankruptcy Code must also: (1) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (2) attach documentation identifying (a) the particular invoices for which such claim is being asserted, (b) the Debtor to which the goods were shipped, (c) the date the Debtor received such goods, (d) the value of the goods, (e) whether the value of such claim represents a combination of goods and services, and (f) whether any other claim has been filed with respect to such goods; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling the Debtors' restructuring hotline at (866) 479-8211 (U.S./Canada) or +1 (781) 575-2037 (International);  and/or (ii) visiting the Debtors' restructuring website at: https://www.veritaglobal.net/ZHI