United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-90377 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE DEBTORS TO REDACT
### AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the Debtors to redact and file under seal certain portions of the *Debtors' Emergency Motion for Interim and Final Orders (I) Approving the Settlement by and among the Debtors, Golden Pass LNG Terminal LLC, CB&I LLC, Chiyoda International Corporation, and CCZJV, (II) Authorizing the Parties to Perform Any and All Obligations Contemplated by the Settlement, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* (the "**Settlement Motion**"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/zhi. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. Omitted.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, the Debtors are authorized to file the Settlement Motion with the Confidential Information redacted and Schedule 2 to the Term Sheet under seal.

3. The Confidential Information shall remain confidential, shall remain redacted and under seal, and shall not be made available to anyone other than this Court, the U.S. Trustee, counsel to Golden Pass, and counsel to the Committee on a professional eyes-only basis (all on a confidential basis), without further order of this Court, except as otherwise provided in the Term Sheet. The Clerk of the Court shall treat the Confidential Information as confidential.

4. To the extent that the Confidential Information is attached or referred to in any further pleadings or documents filed with this Court related to these chapter 11 cases, this Order shall apply to such pleading or document.

3

5. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Information to any other person or entity, without the consent of the Debtors or further order of this Court.

6. Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Confidential Information or any part thereof.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 24, 2024

_____
Marvin Isgur
United States Bankruptcy Judge