# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) )  Chapter 11 ) |
| ZACHRY HOLDINGS, INC., *et al.*[1] | )  Case No. 24-90377 (MI) ) |
| Debtors. | )  (Jointly Administered) ) |

## DEBTORS' THIRD OMNIBUS MOTION
## FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION
## OF CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF SEPTEMBER 13, 2024

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND EXECUTORY CONTRACTS ON THE LIST OF REJECTED CONTRACTS ATTACHED AS SCHEDULE 1 TO THE ORDER.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

### Relief Requested

1. The Debtors seek entry of an order in the attached proposed form (the "**Order**") authorizing the debtors to reject certain executory contracts listed on **Schedule 1** to the Order (the

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/zhi. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

"**Rejected Contracts**") with the counterparties thereto (the "**Contract Counterparties**"), effective as of September 13, 2024 and granting related relief.

### Jurisdiction and Venue, and Predicates for Relief

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

### Background

**I.     Overview of Chapter 11 Cases**

5. On May 21, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are jointly administered pursuant to Bankruptcy Rule 1015(b). On June 4, 2024, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors pursuant to sections 1102(a)(1) and 1102(b)(1) of the Bankruptcy Code (the "**Committee**") [Docket No. 176]. No trustee or examiner has been appointed in these chapter 11 cases.

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the chapter 11 cases, is set forth in the *Declaration of Mohsin Y. Meghji in Support of Debtors' Petitions and Requests for First Day Relief* [Docket No. 7].

## II. The Rejected Contracts

7. Debtor Zachry Industrial, Inc. ("**ZII**") entered into various contracts in connection with its role as lead contractor on the Golden Pass liquified natural gas project (the "**GPX Project**") and has not utilized most or all of the services provided under those GPX Project contracts since the Petition Date. The Court has approved a settlement with respect to the GPX Project (the "**GPX Settlement**"), allowing the Debtors to exit from the GPX Project and transition their scope of work to their former joint venture partners. *See* Docket Nos. 611, 744. As of August 26, 2024, the Debtors completed their demobilization from the GPX Project and no longer maintain any presence or personnel at the GPX Project site. As part of this demobilization, the Debtors, in consultation with their financial advisor, M3 Partners, and other advisors, performed a comprehensive review and analysis of the various contracts related to the GPX Project and have determined, in their business judgment, to reject various GPX Project contracts.

8. The Debtors previously filed their *First Omnibus Motion For Entry of an Order Authorizing the Rejection Of Certain Unexpired Personal Property Leases and Related Executory Contracts Effective As Of July 20, 2024* [Docket No. 591] and *Second Omnibus Motion For Entry of an Order Authorizing the Rejection of Certain Executory Contracts Effective as of August 10, 2024* [Docket No. 730] (together, the "**Prior GPX Rejection Motions**"). In the Prior GPX Rejection Motions, the Debtors sought to reject GPX Project contracts that are no longer necessary for the Debtors' go-forward business and that will not be assumed and assigned to ZII's former joint venture partners on the GPX Project—CB&I LLC (a wholly owned subsidiary of McDermott

International Inc., "**CB&I**") and Chiyoda International Corporation ("**Chiyoda**").  Since filing the Prior GPX Rejection Motions, the Debtors, in consultation with Golden Pass and CB&I, identified 413 additional GPX Project purchase orders and contracts that do not serve the Debtors' non-GPX work and that also will not be assumed and assigned to the Debtors' former joint venture partners. These additional GPX Project contracts are identified as Rejected Contracts on **Schedule 1**.[2]

9. Given the Debtors' exit from the GPX Project pursuant to the terms of the GPX Settlement, and the GPX Settlement parties' decision not to seek assumption and assignment of the Rejected Contracts, the Rejected Contracts do not provide any benefit to the Debtors' estates. The Debtors therefore seek to reject the Rejected Contracts as of the date of this Motion.

## BASIS FOR RELIEF

**I. Rejection of the Rejected Contracts Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

10. Section 365(a) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  Rejection under section 365 is generally intended to enable a debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Guar. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (citation omitted).  Bankruptcy courts use the business judgment standard to determine whether to approve a lease or contract rejection.  *See Richmond*

---

[2] To transition control over the GPX Project to the Debtors' former joint venture partners, the Debtors have also filed the *Debtors' First Omnibus Motion For Entry of An Order Authorizing the Assumption and Assignment of Certain GPX Project Executory Contracts* [Docket Nos. 766, 767], seeking to assume and assign certain GPX Project contracts to CB&I.

*Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Institutional Invs. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

11. The "business judgment" test merely requires a showing that rejection of the unexpired lease or contract will benefit the debtor's estate, and courts will approve such decision unless the decision is the product of bad faith, whim or caprice. *See In re Pisces Energy, LLC,* 2009 Bankr. LEXIS 4709, at *18 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.") (quoting *NLRB v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 (1984)).

12. Rejection of the Rejected Contracts is well within the Debtors' reasonable business judgment and is in the best interest of their estates and stakeholders. The Debtors have determined that the Rejected Contracts provide no economic value to their estates and are not assets that the Debtors need in order to reorganize. The Debtors, through the GPX Settlement, have exited the GPX Project and have no use for the services provided through the Rejected Contracts. There is no justification for the Debtors to incur any further potential claims against their estates under the Rejected Contracts.

**II.  Retroactive Relief is Appropriate.**

13. The rejection of the Rejected Contracts should be applied retroactively to September 13, 2024. Courts have discretion to authorize rejections to be effective as of a date prior to entry of the order authorizing rejection where the balance of the equities favors retroactive relief. *See In re Cafeteria Operators*, *L.P.,* 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of (i) the date the motion to reject was filed and (ii) the date the leased space was vacated); *see also In re Amber's Stores*, 193 B.R. 819, 827

(Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

14. The equities weigh in favor of granting the relief requested with respect to the Rejected Contracts as of September 13, 2024 because (i) the Rejected Contracts do not provide any benefit to the Debtors' estates; (ii) the Debtors ceased utilizing the goods and/or services provided through the Rejected Contracts on or before the Petition Date; (iii) there is no unreasonable delay because this Motion will likely be decided within 30 days of the filing of this Motion; and (iv) failure to grant the relief as requested would result in the Debtors potentially incurring unnecessary costs associated with the Rejected Contracts.

15. Given the Debtors' demobilization from the GPX Project, the Debtors request that the Order provide that Contract Counterparties may reclaim any of their equipment and personal property remaining on the GPX Project site as of the date of filing this Motion, September 13, 2024, notwithstanding the automatic stay, and further provide that the automatic stay, to the extent applicable, is deemed modified, as of September 13, 2024, to permit the Contract Counterparties to reclaim their equipment and personal property as of September 13, 2024. Further, the Debtors request that the Order provide that the Debtors shall have no obligation to assist in the removal of any such equipment and personal property, and that no claims related to the removal of any such equipment and personal property shall arise following the Debtors' demobilization from the GPX Project on August 26, 2024. For the avoidance of doubt, nothing in the Order limits any creditor's right to assert the full amount of its claim under its respective contract.

### III. The Court Should Authorize This Omnibus Request Under Bankruptcy Rule 6006.

16. Bankruptcy Rule 6006(e) permits a debtor to join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy

Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e).  Motions to reject multiple executory contracts or unexpired leases must satisfy the following requirements:

    a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b. list parties alphabetically and identify the corresponding contract or lease;

    c. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    d. be limited to no more than 100 executory contracts or unexpired leases.

*See* Fed. R. Bankr. P. 6006(f).

17. The Debtors request that the Court waive the 100-contract limitation here, as rejecting the Rejected Contracts (which total 413) is necessary to implement the GPX Settlement and filing multiple rejection motions for the Rejected Contracts would be inefficient and unnecessarily burdensome on the Debtors' estates. With the 100-contract limitation waived, this Motion, together with **Schedule 1** to the Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f).

### Reservation of Rights

18. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity or any other party in interest under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of

action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, except for the rejection of the Rejected Contracts identified on **Schedule 1** to the Order; (g) a waiver or limitation of the Debtors', Golden Pass's, CB&I's, or Chiyoda's rights under the Bankruptcy Code or any other applicable law; and (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

### Notice

19. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) counsel to the Prepetition Agent; (g) all Contract Counterparties; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

The Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: September 13, 2024
Houston, Texas

/s/ *Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
Adam Swingle (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email:  bojan.guzina@whitecase.com
           aoneill@whitecase.com
           fhe@whitecase.com
           adam.swingle@whitecase.com
           barrett.lingle@whitecase.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on September 13, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          /s/ *Charles R. Koster*
                                          Charles R Koster