United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90377 |
| ZACHRY HOLDINGS, INC., *et al.*, | § § | |
| Debtors. | § § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

The global settlement among Zachry, Global Pass, CB&I, Chiyoda, and CCZJV resolved material disputes between the Golden Pass owners. It also terminates disputes related to the Golden Pass levee failure, facilitates completion of the GPX Project, and poises Zachry to become profitable again. The settlement was heavily negotiated in good faith.

There remain two disputed issues: (1) whether Zachry is entitled to the proceeds of the professional liability insurance claim for losses related to repairing the Global Pass levee failure, and (2) whether Zachry is entitled to funds in the joint venture account for repair work completed and invoiced prior to the chapter 11 case.

Zachry is not entitled to either the Levee Proceeds or the funds in the joint venture receiving account.

## BACKGROUND

In 2019, Golden Pass LNG Terminal LLC contracted to build a new natural gas export facility in Sabine Pass, Texas (GPX Project). ECF No. 792 at 5. On January 30, 2019, Zachry Industrial, Inc., CB&I, LLC, and Chiyoda International Corporation formed CCZJV, an unincorporated hybrid joint venture, to provide design and construction services for the GPX Project. ECF No. 792 at 5.

By the terms of the Hybrid Joint Venture Agreement, each party was individually responsible for its "Own Work" and equally responsible

for "Joint Venture Common Pool Work." ECF No. 792 at 6. Accordingly, each party had a one-third interest in the profits earned by the joint venture for the performance of Joint Venture Common Pool Work. ECF No. 792 at 6.

The parties opened a joint venture receiving account at Bank of America – San Antonio for the purpose of receiving proceeds from the Golden Pass Contract and making disbursements to the joint venture partners. ECF No. 792 at 6. The CCZJV receives payments from the GPX Owner for the joint venture's invoices in the account. ECF No. 817 at 10. Payments received by the joint venture under the EPC Contract are joint venture property. ECF No. 817 at 10.

As part of the Golden Pass contract, CCZJV constructed a storm protection levee system to protect the project site from severe weather. ECF No. 792 at 6. In May 2020, sections of the levee failed and needed repair. ECF No. 792 at 6. CCZJV undertook remediation efforts later that year. ECF No. 792 at 6. Zachry performed most of the work and incurred approximately $21.7 million of the $37.7 million total cost for the repair. ECF No. 792 at 7.

CCZJV is an insured under a Professional Liability Insurance Policy Issued by Allied World Surplus Lines Insurance Company. ECF No. 982-11. CCZJV submitted a claim under "Endorsement No. 4" of the insurance policy. ECF No. 982-11. Endorsement No. 4 reads:

> In addition to the coverage granted under Coverage A. of this Policy, but subject to the same Limits of Liability and with the Company's prior written approval, the **Company** agrees to indemnify the **First Named Insured** for the **Named Insured**'s actual cost incurred in rectifying a **Wrongful Act** in any part of the construction works or engineering works for any project upon which the **Named Insured** is providing design/build services provided . . . .

ECF No. 821-1 at 16. CCZJV is the "First Named Insured" under the Policy. As of the September 5, 2024 Hearing, CCZJV had not resolved

the levee insurance claim with its insurer and had not received any insurance proceeds. ECF No. 817 at 12.

Pending resolution of the CCZJV's insurance claim, the parties entered into a Memorandum of Understanding on February 28, 2022. ECF No. 817 at 13. By the terms of the MOU, the parties agreed to provisional distributions by the joint venture in the amount of $26.2 million to partially compensate parties for the levee repair costs. ECF No. 792 at 7. Zachry received $13.5 million, CB&I received $7.7 million, and Chiyoda received $5 million. ECF No. 871-3 at 2. The parties agreed that the "provisional payment amounts are subject to reconciliation upon finalization of the final insurance claims, settlement amounts and such other applicable adjustments." ECF No. 871-3 at 2. Zachry alleges it is entitled to $8,185,140.00 in insurance proceeds and $1,737,377.00 in funds from the receiving account. ECF No. 782 at 8.

On May 21, 2024, various Zachry entities filed for chapter 11. ECF No. 792 at 8.

On July 25, 2024, the Court entered an interim order approving a global settlement by and among the Debtors, Golden Pass LNG Terminal LLC, CB&I LLC, Chiyoda International Corporation, and the CCZJV. ECF No. 792 at 9. On August 12, 2024, the Court entered a final order approving the Settlement Agreement. ECF No. 792 at 9–10. The Settlement Agreement provides broad releases between the JV partners: Zachry, CB&I, and Chiyoda. ECF No. 810-10 at 6. Paragraph 7 of the Agreement reads:

> Upon the Effective Date, the Debtors and their Related Parties shall RELEASE, ACQUIT, and FOREVER DISCHARGE CB&I, Chiyoda, and their Related Parties from all Claims other than Claims arising from any breaches or enforcement of this Agreement, including, for the avoidance of any doubt, Claims arising under or in connection with the parent company guarantees provided by affiliates of CB&I and/or Chiyoda in connection with the HJVA. The foregoing releases shall not modify or otherwise affect Zachry's entitlement to proceeds of

applicable existing insurance policies or funds held in CCZJV accounts, to the extent set forth in paragraphs 12 and 13 of this Agreement.

ECF No 871-10 at 8–9.  Paragraphs 12 and 13 read:

> 12. <u>Insurance Claims.</u> Notwithstanding Zachry's rejection of its interests in the EPC Contract and the HJVA, this Agreement shall not modify or otherwise affect the Debtor's entitlement to insurance coverage provided by any insurance carrier with respect to any claims made or related to the time period prior to rejection.  Zachry shall not be entitled to receive proceeds from applicable insurance policies related to the Levee Claims unless agreed among Zachry, CB&I and Chiyoda or ordered by the Bankruptcy Court; *provided* that this sentence shall not be construed against any Party or its entitlement to (i) any relief or (ii) assert any claims or defenses regarding the matters set forth in this paragraph.
>
> 13. <u>JV Funds.</u> Zachry shall not be entitled to receive funds held in the CCZJV receiving account as of the date of the Interim Order unless agreed among Zachry, CB&I and Chiyoda or ordered by the Bankruptcy Court; *provided* that this sentence shall not be construed against any Party or its entitlement to (i) any relief or (ii) assert any claims or defenses regarding the matters set forth in this paragraph.

ECF No. 871-10 at 8.  The Settlement Agreement incorporates the Settlement Term Sheet, which governs to the extent of any conflict with terms of paragraphs 6, 7, 11, 12, 13, 14, and 14 of the Agreement.  ECF No. 871-10 at 5.  The Term Sheet makes Zachry's withdrawal from the joint venture effective on July 25, 2024.  The relevant provision of the Settlement Term Sheet partially reads:

> The Debtor's rejection of their interests in the EPC Contract and the HJVA shall not modify or otherwise affect the Debtors' entitlement to insurance coverage provided by any insurance carrier with respect to any claims made or related to the time period prior to rejection, or the rights of any other parties with respect to any such insurance.

> The Debtors' rejection of their interests in the EPC Contract and the HJVA shall not terminate the EPC Contract or the HJCA; *provided* that Zachry shall conditionally withdraw as a member of CCZJV, with Zachry immediately agreeing that it shall have no further Project Directorate member, and have no further right to participate in profits or proceeds . . . .

ECF No. 871-9 at 15–16.

On August 20, 2024, Zachry filed the Emergency Motion to Interpret and Enforce the Golden Pass Settlement Agreement. ECF No. 792.

On August 27, 2024, CB&I and Chiyoda filed a Joint Response to Zachry's Emergency Motion. ECF No. 817. Zachry filed a Reply on August 80, 2024. ECF No. 833.

On September 5, 2024, the Court held a hearing on the Emergency Motion. The matter was taken under advisement the same day.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Zachry claims that it is entitled to the Levee Insurance Proceeds and funds in the Receiving Account aggregating $9,922,517.00. Zachry believes the Settlement Agreement preserves those interests. The Court disagrees with Zachry's interpretation. The Settlement Agreement does not preserve Zachry's rights to the joint venture's claim for Levee Insurance Proceeds or in the funds in the Receiving Account.

### I. THE INSURANCE PROCEEDS

Zachry asks the Court to enter an order giving Zachry a share of insurance proceeds from the rectification claim related to the Golden Pass levee repair based on each joint partner's share of total losses related to the Golden Pass levee repair. ECF No. 792-1 at 2.

The parties dispute whether Zachry is entitled to the insurance proceeds from the rectification claim. Zachry argues that the Settlement Agreement expressly preserves its interests in insurance coverage for the levee repair claim. ECF No. 792 at 15. CB&I and Chiyoda argue that Zachry is not entitled to the pending insurance proceeds because the proceeds are the joint venture's property and Zachry is no longer a member of the joint venture. ECF No. 817 at 13. At the hearing on the Emergency Motion, both parties labored under different interpretations of the Settlement Agreement and the Term Sheet.

Under Texas law, determining whether a contract is ambiguous "is a question of law that we decide by examining the contract as a whole in light of the circumstances present when the contract was entered." *Park v. Escalera Ranch Owners' Ass'n, Inc.*, 457 S.W.3d 571, 592 (Tex. App. 2015). "An unambiguous contract is worded in a way that can be given a certain or definite legal meaning or interpretation . . . ." *Id.* "An ambiguous contract is one that is subject to two or more reasonable interpretations after applying the pertinent rules of construction." *Id.* "We consider the parties' interpretations and admit extraneous evidence to determine the true meaning of the contract only when a contract is ambiguous." *Id.*

Both parties agree that the Settlement Agreement and Settlement Term Sheet are unambiguous yet disagree over their interpretations. The Court finds that the Agreement is unambiguous and only preserves Zachry's entitlement to its own coverage under the insurance policy, but not to the joint venture's insurance proceeds from CCZJV's insurance claim.

Paragraph 7 of the Settlement Agreement states: "[t]he foregoing releases shall not modify or otherwise affect Zachry's entitlement to

proceeds of applicable existing insurance policies or funds held in CCZJV accounts, to the extent set forth in paragraphs 12 and 13 of this Agreement." ECF No 871-10 at 8–9. Paragraph 12 states: "Zachry shall not be entitled to receive proceeds from applicable insurance policies related to the Levee Claims unless agreed among Zachry, CB&I and Chiyoda or ordered by the Bankruptcy Court." ECF No. 871-10 at 8. Levee Claims is a defined term in the agreement as "rectification claims in connection with a failure of certain portions of the levee at the Golden Pass Project in 2020." ECF No. 871-10 at 4.

Paragraph 12 is the definitive clause with regards to any entitlement to the Levee Insurance Proceeds that Zachry may have. Zachry argues that the Court should consider the MOU, which allegedly shows the parties' intent to reconcile provisional payments "upon finalization of the final insurance claims, settlement amounts and such other applicable adjustments." ECF No. 792 at 16. The parol evidence rule prohibits the use of extrinsic evidence to vary, add to, or contradict the terms of a complete and unambiguous written contract. *Houston Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011). "If a contract is unambiguous, the parol evidence rule precludes consideration of evidence of prior or contemporaneous agreements unless an exception to the parol evidence rule applies . . . ." *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 451 (Tex. 2008). Based on that rule, the Court cannot consider the MOU to vary the Agreement's unambiguous terms. Under the unambiguous language in the Agreement, Zachry is not entitled to the insurance proceeds unless the joint venture partners agree or the Court orders otherwise.

The Court does not find grounds for "ordering otherwise" in a manner that would entitle Zachry to CCZJV's insurance proceeds. Zachry withdrew from the joint venture effective on the date of the Interim Order, relinquishing its interests in the joint venture. Zachry argues that CB&I and Chiyoda would be unjustly enriched if the remaining partners were to receive all the insurance proceeds because Zachry "fronted the cost of relevant insurance policy, led the rectification

claim on behalf of the joint venture, and incurred substantial additional costs pursuing the claim." ECF No. 792 at 18. This argument is of no moment. All the parties, *including Zachry*, received extraordinary benefits from this Settlement Agreement. CB&I and Chiyoda released Zachry from $93 million in liabilities and Golden Pass released Zachry from $1.4 billion in liabilities. ECF No. 817 at 29. Zachry's claim that the remaining joint venture partners are unjustly enriched for $8 million in potential insurance proceeds has no more basis than saying that Zachry was unjustly enriched by the release of its potential $1,493,000,000.00 in liabilities to Golden Pass and the joint venture.

To be clear, the Settlement Agreement did preserve Zachry's own rights to insurance proceeds. Zachry is an insured under the Allied World policy.

Although Zachry is not entitled to the joint venture's Levee Insurance Proceeds (if they are ever received), Zachry's right to make its own claim under the Allied World Insurance Policy is preserved. Zachry's entitlement to its own insurance coverage differs from its entitlement to the insurance proceeds from CCZJV's insurance claim. Paragraph 12 states: "this Agreement shall not modify or otherwise affect the Debtor's entitlement to insurance coverage provided by any insurance carrier with respect to any claims made or related to the time period prior to rejection." ECF No. 871-10 at 8. Paragraph 14 further states: "CB&I, Chiyoda and/or CCZJV shall maintain the Debtors' position as an insured or additional insured under any existing insurance policy or existing insurance program procured for or maintained by CCZJV for the Golden Pass Project that would provide coverage for any claims arising prior to the Interim Order . . . ." ECF No. 739-1 at 8. The Allied World Policy is a claims-made policy. ECF No. 821-1 at 20. Under the Allied World Policy, Zachry is a "named insured" and can make its own claim (if it has one under applicable non-bankruptcy law) under the Rectification Endorsement. ECF No. 821-1 at 2. Zachry does not need to seek Court authorization to receive insurance proceeds from its own claim.

This is not a satisfying resolution to the insurance proceeds dilemma. Zachry is not entitled to insurance proceeds from CCZJV's claim. Zachry is, however, entitled to file its own claim. This would inevitably complicate the pending claim between the insurer and the insured parties. But this is for the parties and the insurer to resolve themselves.

## II. THE RECEIVING ACCOUNT

Zachry argues that it is entitled to funds in the Receiving Account in an amount equal to its fees and expenses submitted to the joint venture prior to the Petition Date. ECF No. 792-1 at 2. Its alleged share of funds is $1,737,377. ECF No. 792-1 at 3.

Paragraph 13 controls Zachry's entitlement to the receiving account funds and houses similar language as Paragraph 12. "Zachry shall not be entitled to receive funds held in the CCZJV receiving account as of the date of the Interim Order unless agreed among Zachry, CB&I and Chiyoda or ordered by the Bankruptcy Court." ECF No. 871-10 at 8.

Zachry is no longer a party to the joint venture. As of the date of the Settlement Agreement, the distribution from the receiving account had not been made. Although Zachry argues that it *should have* been made, Zachry withdrew from the joint venture. The result is that the Court would need to find an extracontractual basis to award the fees to Zachry.

For the same reasons above, the preponderance of the evidence does not justify giving Zachry any of the funds in the Receiving Account.

## CONCLUSION

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED 10/29/2024

_____
Marvin Isgur
United States Bankruptcy Judge