**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) ) | Case No. 24-90377 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF
ZACHRY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES BY D. REYNOLDS COMPANY,
D/B/A THE REYNOLDS COMPANY, INCLUDING ELECTION TO OPT-OUT OF RELEASES**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW D. Reynolds Company, d/b/a The Reynolds Company ("Reynolds") and files this *Objection to the Joint Chapter 11 Plan of Reorganization of Zachry Holdings, Inc. and Its Debtor Affiliates by D. Reynolds Company, d/b/a The Reynolds Company, Including Election to Opt-out of Releases* ("Objection").

### I. Factual Background

1. This Objection relates to the *Joint Chapter 11 Plan of Reorganization of Zachry Holdings, Inc. and its Debtor Affiliates* ("Plan") [Docket no. 1393].

2. The Reynolds Company ("Reynolds") is a supplier of electrical equipment and goods to Zachry Industrial Inc. ("ZII").

3. The claims (collectively, the "Reynolds Claims") asserted by Reynolds against ZII include the following:

   a) ZII did work on a project with the Omaha Public Power District ("OPPD"). Reynolds has provided goods to ZII in connection with the OPPD project ("OPPD Project"). Reynolds' pre-petition claim relating to the OPPD Project are reflected in proof of claim no. 64-

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/zhi. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

1 in the amount of $17,970,574.04. This includes an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $2,031,951.44;

      b)    Reynolds continued to furnish goods to ZII in relation to the OPPD Project on a post-petition basis. Reynolds has furnished these goods to ZII on an ongoing basis and, although the vast majority of all post-petition goods have already been provided by Reynolds to ZII, this is believed to still be on-going as of this time;

      c)    Reynolds has also furnished goods to BMZ Third Coast Partners ("BMZ"), a joint venture consisting of ZII and Burns & McDonald Engineering Company, Inc. ("Burns & McDonald") ZII is liable, as a joint venturer, for all goods furnished by Reynolds to the BMZ joint venture. Reynolds has filed proof of claim no. 65-1 against ZII in an unliquidated amount relating to goods provided by Reynolds to the BMZ joint venture on a pre-petition basis;

      d)    Reynolds has continued to furnish goods to BMZ post-petition based upon ZII's position as a joint venturer, it will continue to be liable for payment of goods provided by Reynolds to BMZ post-petition; and

      e)    Reynolds anticipates that it will continue to provide goods to BMZ after the Effective Date of the proposed plan. Likewise, as a joint venturer, ZII will be liable for the payment of these goods and services.

      4.    Travelers Casualty and Insurance Company of America and Pacific Indemnity Company (collectively, the "Sureties") have issued performance and payment bond no. 107261753/824555022 ("Bond") which relates to the OPPD Project. Reynolds asserts that it is entitled to recourse against the Bond to the extent it is not paid in full by ZII for goods furnished by Reynolds to ZII in connection with the OPPD Project.

      5.    In addition, in connection with BMZ, both the joint venture and Burns & McDonald, as the other joint venturer, are both jointly and severally liable, along with ZII, for all goods furnished by Reynolds in connection with the joint venture.

## II.    Plan – Third Party Release

6.  The Plan provides for a Third-Party Release (Article VIII.D of the Plan). Reynolds has opted-out of the Third-Party Release by returning a ballot opting out. A copy of Reynolds' ballot opting out of the Third-Party Release, and which was received by the claims agent on December 5, 2024, is attached hereto as **Exhibit "1"**. The opt-out ballot was sent to the notice agent both trough physical delivery of a hard copy and electronically.

7.  In addition, by this Objection, Reynolds hereby opts out of the releases contained in Article VIII.D of the Plan.

8.  The discharge provision (Article VIII.A) includes the following provision:

> For the avoidance of doubt, the discharge provided herein shall discharge release, and extinguish any right of any Holder of any Claims against any of the Holder of any Claim to file, assert, levy, or attach any Liens or initiate any claim against any bonds or the Sureties on account of any Claims against any of the Debtors that are discharged or released pursuant to this Plan, or otherwise enforce, collect, or recover on account of any such Claims, Liens, or bonds.

9.  Pursuant to Article I.A.138 of the Plan, the term "Sureties" is defined to mean Travelers Casualty and Insurance Company of America and Pacific Indemnity Company. The above provision purports to discharge Reynolds' Claim against the Sureties on the Bond.

### III. Objection to the Plan

10.  Section 524(e) provides that, in the circumstances here applicable, "the discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." In the *Purdue Pharma* case, the U.S. Supreme Court held that "the bankruptcy code does not authorize a release and injunction that, as a part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a non-debtor without the consent of affected claimants."[2]

11.  Reynolds objects to the Plan to the extent it proposes in the Third-Party Release, the discharge provision, or the plan injunction to release, impair, or affect the rights,

---

[2] *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071, 219 L. Ed. 2d 721, 740 (2024).

claims and remedies relating to any portion of the Reynolds' Claim against any non-debtor, including with regard to the Sureties, BMZ, and Burns & McDonald.

12. Reynolds has appropriately opted out of the Third-Party Release and should not be bound by it in any manner. Moreover, by this Objection, Reynolds hereby elects to opt-out of the Third-Party Releases.

13. Reynolds objects to the discharge provision (Article VIII.A.) and the plan injunction (Article VIII.F.) to the extent that these provisions purport to discharge, release, impair, or enjoin any portion of the Reynolds' Claim against any non-debtor, or enjoin Reynolds from pursuing its rights, claims, or remedies against any non-debtors, or otherwise impairs, affects, or releases Reynolds' rights, claims, and remedies against any non-debtors, including as against the Sureties, BMZ, and Burns & McDonald.

14. Reynolds has proposed the language reflected in the attached **Exhibit "2"** to resolve this Objection.

15. Reynolds requests that its Objection be sustained and that no provision of the Plan or to the Confirmation Order may release, impair, or affect its rights, claims, and remedies against any non-debtor, including the Sureties, BMZ, and Burns & McDonald.

## PRAYER FOR RELIEF

ACCORDINGLY, Reynolds prays that its Objection above be sustained, and for all such relief to which Reynolds may be entitled.

Dated: January 7, 2025.                          Respectfully submitted,

                                              */s/ J. Robert Forshey* _____
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
VARTABEDIAN HESTER & HAYNES, LLP
301 Commerce Street, Suite 3635
Ft. Worth, TX 76102
Telephone: (817) 214-4990
bobby.forshey@vhh.law

suki.rosen@vhh.law  
emily.chou@vhh.law

**ATTORNEY FOR THE REYNOLDS COMPANY**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic Notice on January 7, 2025.

/s/ J. Robert Forshey  
J. Robert Forshey