**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al.*, | ) ) Case No. 24-90377 (MI) |
| Debtors. | ) ) (Jointly Administered) ) |

**ENCINA DEVELOPMENT GROUP, LLC'S EMERGENCY MOTION TO PERMIT
FILING PROOF OF CLAIM AFTER BAR DATE**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**
>
> **Represented parties should act through their attorney.**

Encina Development Group, LLC ("**Encina**"), a creditor of Zachry Engineering Corporation (Debtor Number 24-90379) ("**Debtor**"), hereby respectfully moves this Court to permit filing a proof of claim after the claim's filing bar date ("**Bar Date**") and for that claim to be deemed timely filed. In support of this Motion, Encina respectfully states as follows:

**PRELIMINARY STATEMENT**

1. As will be set forth fully below, the Court should deem Encina's proof of claim against the estate of Debtor in the above-captioned Chapter 11 case to be timely filed.

2. Debtor and Encina were engaged in litigation, with each party asserting claims against and seeking damages from the other (the "**Encina Lawsuit**"), when Debtor filed for bankruptcy.

3. Debtor included the Encina Lawsuit as an asset in its Schedules of Assets and Liabilities (Docket No. 513), but did not list Encina's counterclaims as a liability.

4. Nor did Debtor notify Encina of the Court's entry of the Bar Date Order until months after the Bar Date passed.

5. Encina filed its proof of claim promptly upon receiving the Notice of Deadlines for Filing Proofs of Claim.

6. Encina requests the Court deem its proof of claim to be timely filed, as required by due process and permitted by Bankruptcy Local Rule 3003-1 and Bankruptcy Rule 9006(b)(1).

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

A. *The Encina Lawsuit*

9. Debtor filed suit against Encina on January 15, 2021, in Cause No. 2021-02701, *Zachry Engineering Corporation v. Encina Development Group, LLC*, in the 125th Judicial District Court of Harris County, Texas. Debtor asserted causes of action for suit on a sworn account and breach of contract against Encina and sought monetary damages of more than $1,000,000.

10. Debtor filed an Amended Petition on May 19, 2021, adding a cause of action for declaratory judgment and withdrawing a cause of action asserted against an individual defendant who was dismissed from the case.

11. Encina filed a Counterclaim against Debtor in that case on April 5, 2021. Encina asserted causes of action for breach of contract against Debtor and sought monetary damages of more than $1,000,000.

12. Encina filed an Amended Counterclaim on April 7, 2022, asserting the same causes of action.

13. Debtor filed a Motion to Dismiss Encina's Counterclaim on October 7, 2021. The trial court heard the motion on January 28, 2022, and entered an order denying Debtor's motion on March 22, 2022.

14. Debtor filed an accelerated interlocutory appeal of the order on April 9, 2022.

15. On May 18, 2023, the Court of Appeals affirmed the trial court's ruling.

16. Debtor filed a Petition for Review in the Supreme Court of Texas on July 3, 2023. The Supreme Court requested merits briefing, which was completed on February 14, 2024. A decision on the Petition for Review was pending when Debtor filed the present bankruptcy proceeding and the case was automatically stayed.

B.  *Debtor's Bankruptcy Filings*

17. On May 21, 2024 ("**Petition Date**"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

18. Information regarding the Debtor's history and business operations, capital structure, indebtedness, and the events leading up to the commencement of this Chapter 11 Case can be found in the Debtor's First Day Declaration (Docket No. 166) filed with the Court on the Petition Date.

19. Debtor filed its Statement of Financial Affairs (Docket No. 534) ("**SOFA**") on July 16, 2024. The SOFA lists the Encina Lawsuit on an attachment. Docket No. 534 at 47. The SOFA also states that "[t]he Debtors have made reasonable efforts to report all general unsecured Claims

3

against the Debtors on Schedule E/F," "Schedule E/F contains information regarding pending litigation involving the Debtors," and "to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F for that Debtor." *Id.* at 15-16.

20. Debtor also filed its Schedules of Assets and Liabilities (Docket No. 513) on July 16, 2024. Debtor listed the Encina Lawsuit as an asset in Part 11 of Schedule A/B. *Id.* at 32. Debtor's statement of the nature of the claim describes the procedural posture of Encina's counterclaim, not Debtor's claim. *Id.* Regardless of its statements in the SOFA, Debtor did not list the Encina Lawsuit on Schedule E/F.

21. The Court entered the Order (I) Setting Bar Dates for Filing Proofs Of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief (Docket No. 589) ("**Bar Date Order**") on July 26, 2024, setting September 16, 2024 as the Bar Date.

22. The Certificate of Notice filed by the claims and noticing agent on July 28, 2024 reflects that Encina was not served with the Bar Date Order at that time. Docket No. 643 at 41-45.

23. Debtor filed an Amended Schedules of Assets and Liabilities (Docket No. 859) on August 30, 2024. The Encina Lawsuit was still not listed on the amended Schedule E/F.

24. The claims and noticing agent filed a Supplemental Certificate of Service stating that it served the Notice of Deadlines for the Filing of Proofs of Claim on certain specified creditors on or before November 12, 2024 (Docket No. 1528). Encina is not included on the list of creditors who were served.

4

25. On November 19, 2024, Encina's counsel received the Notice of Deadlines for Filing Certain Proofs of Claim, listing the September 16, 2024 Bar Date.

26. Encina filed its Proof of Claim on December 10, 2024, as Claim Number 1753.

27. Debtor filed another Amended Schedules of Assets and Liabilities (Docket No. 1773) on December 20, 2024. The Encina Lawsuit was still not listed on the amended Schedule E/F.

28. On December 30, 2024, the claims and noticing agent filed a Certificate of Service (Docket No. 1806) stating that it served the Notice of Deadlines for the Filing of Proofs of Claim on specified parties on December 21, 2024. Encina is not included on the list of creditors who were served with the Notice (*id.* at 11-13), though it is included on the Master Service List attached to this filing[1] (*id.* at 7).

29. As of the Petition Date, the amount due and owing by the Debtor to Encina was unknown as the Encina Lawsuit was (and remains) pending.

30. On January 23, 2025, the Debtor filed the Modified First Amended Joint Chapter 11 Plan of Reorganization of Zachry Holdings, Inc. and Its Debtor Affiliates (Docket No. 1978) ("**Plan**").

31. The Plan states that:

> Except as otherwise agreed to by the Debtors or the Reorganized Debtors, as applicable, any and all Proofs of Claim filed after the Bar Date shall be deemed Disallowed and expunged as of the Effective Date without any further notice to or action, Order, or approval of the Bankruptcy Court, and Holders of such Claims may

---

[1] The Master Service List includes a listing for Lisa Jerles as counsel for Encina, though lists incorrect firm and contact information for her. It also lists Shane G. Ramsey as counsel for Encina, though Mr. Ramsey is counsel for an unrelated party and not for Encina. It also lists Kate Skagerberg as counsel for an unrelated party though she is only counsel for Encina in this matter. In short, the Master Service List is incorrect even though it finally was amended to include counsel for Encina.

> not receive any distributions on account of such Claims, unless the Bankruptcy Court shall have determined by a Final Order, on or before the Confirmation Hearing, that cause exists to extend the Claims Bar Date as to such Proof of Claim on the basis of excusable neglect.

Docket No. 1978 at 41.

## RELIEF REQUESTED

32.     By this Motion, Encina seeks an extension of its time to file a proof of claim in this case on due process grounds and pursuant to Bankruptcy Local Rule 3003-1 and Bankruptcy Rules 3003(c) and 9006(b)(1), and to have this claim allowed as though timely filed, despite passage of the Bar Date.

## ARGUMENT

*A.     Encina's Claim Should be Allowed on Due Process Grounds.*

33.     Failure to allow Encina's claim would violate due process.

34.     "'A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice.' Determining whether a creditor received adequate notice depends on the facts and circumstances of each case." *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) (quoting *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir.), cert. denied, 493 U.S. 811 (1989)).

35.     In this case, adequate notice means actual notice of the Bar Date because Encina was a known creditor. *See In re Hunt*, 146 B.R. 178, 182 (Bankr. N.D. Tex. 1992) (citing *City of New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293 (1953)).

36.     Encina was a known creditor, as evidenced by Debtor listing the Encina Lawsuit in its Schedule A/B. But Encina did not receive actual notice of the September 16 Bar Date until November 19, 2024.

6

37. Receiving notice of the Bar Date after it passed cannot be considered "reasonable notice," and Encina's late-filed proof of claim should be permitted on due process grounds.

**B.    *Encina's Claim Should be Allowed Pursuant to Bankruptcy Local Rule 3003-1.***

38. Bankruptcy Local Rule 3003-1(c)(4) permits the Court to extend the time to file a proof of claim upon a finding that "the notice of the commencement of the case was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely list the creditor's name and address as required by Rule 1007(a)."

39. Bankruptcy Rule 1007(a)(1) requires Debtor to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms."

40. Neither Debtor's original Schedule E/F nor its two amended Schedules E/F lists Encina, despite Debtor's knowledge of the Encina Lawsuit.

41. Service of the Notice of Deadlines for Filing Certain Proofs of Claim on November 19, 2024—two months after the Bar Date—was insufficient under the circumstances to give Encina reasonable time to file a proof of claim by the Bar Date.

42. Encina respectfully requests the Court extend Encina's time to file a proof of claim and deem the Proof of Claim filed on December 10, 2024 to be timely.

**C.    *Encina's Claim Should be Allowed Pursuant to Bankruptcy Rule 9006(b)(1).***

43. Encina's claim should also be allowed as though timely filed pursuant to Bankruptcy Rule 9006(b)(1), which allows the court to enlarge the time to file a proof of claim when late filing results from "excusable neglect." *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). This standard is "flexible" and permits the court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388-89.

7

44. The Supreme Court in *Pioneer* articulated a test for determining whether "excusable neglect" exists under Rule 9006(b). *Id.* at 380. The test requires equitable consideration of several factors, including (i) the risk of prejudice to the debtor; (ii) the length of the delay and impact on the proceedings; (iii) the reason for the delay, including the movant's control over the reason; and (iv) the good faith of the movant. *Id.* at 395. Determination of whether "excusable neglect" is present is factual in nature and falls within the discretion of the bankruptcy court. *Id.*; *In re AWMC, Inc.*, 109 B.R. 210, 212 (Bankr. N.D. Tex. 1989).

45. All four *Pioneer* factors point to finding excusable neglect and deeming Encina's proof of claim to be timely filed.

### 1. Prejudice to the Debtor

46. The first factor that courts should consider when determining whether to allow a late filed claim is the danger of prejudice to the debtor. *Pioneer*, 507 U.S. at 395.

47. Debtor knew of Encina's claim when it filed the Plan. Debtor is the party who initiated the Encina Lawsuit. Debtor listed the Encina Lawsuit in its SOFA and described Encina's counterclaim in the Encina Lawsuit as an asset in its Schedule A/B. Debtor filed the Plan approximately six weeks *after* Encina filed its proof of claim.

48. Allowing Encina's claim will not have an adverse impact on the judicial administration of this case. Encina is listed on the claims register and has received a ballot to vote on the Plan as a Class 6 general unsecured creditor. Allowing Encina's claim will not change the timing or way that this case is administered.

49. In sum, allowing Encina's late-filed claim will not prejudice the Debtor.

### 2. Length of Delay

50. The second factor that courts consider is the length of delay and the effect that the filing will have on judicial proceedings. *Pioneer*, 507 U.S. at 395. While this is certainly a factor,

it is not the most important factor, and the delay must be assessed in subjective terms as to impact on the administration of the case. There is no "bright-line rule governing when the lateness of a claim will be considered 'substantial.'" *In re Enron Corp.*, 419 F.3d 115, 128 (2d Cir. 2005). Instead, the length of delay is considered in the context of its effect on the proceedings. *Id.*; *In re Lyondell Chem. Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016).

51. Encina filed its claim on December 10, 2024, promptly after receiving the Notice of Deadlines for Filing of Proofs of Claim on November 19, 2024.

52. Deeming Encina's Proof of Claim to be timely filed will not cause delay in the disposition of this case or have any impact on the judicial proceedings. The proof of claim is already on file and has been for more than two months before the confirmation hearing is currently scheduled to occur. Using the procedures in place in this case, Debtor will be able to object to the claim as if it had been filed by the Bar Date (if warranted). Allowing the claim will have no effect on the administration of this case.

### 3. Reason for Delay

53. The third factor that courts consider is the reason for the delay. *Pioneer*, 507 U.S. at 395. When determining whether neglecting to meet a deadline to file a proof of claim is excusable, courts should consider "all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. This is a flexible standard "because it is rooted in equity." *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 739 (5th Cir. 1995)

54. Encina's delay in not timely filing its claim is excusable.

55. A known creditor who does not receive actual notice of the bar date may establish excusable neglect on that ground. *In re William B. Wilson Mfg. Co.*, 59 B.R. 535, 538 (Bankr. W.D. Tex. 1986).

56. Encina's delay was caused by not receiving actual notice of the Bar Date until November 19, 2024, which was a circumstance outside of its control.

### 4. Creditor Acted in Good Faith

57. The final *Pioneer* factor is the creditor's good faith.

58. Encina filed its proof of claim on December 10, 2024, promptly after receiving notice of the Bar Date and well in advance of the confirmation hearing, which is currently set for February 26, 2025.

59. Encina did not deliberately delay filing its proof of claim. Encina filed the delayed claim in good faith and not for any sort of strategic advantage or bad faith motive.

60. In conclusion, the four *Pioneer* factors weigh strongly in favor of deeming Encina's claim to be timely filed. By virtue of Encina's good-faith efforts to timely file its claim, the relatively short delay in filing its claim, the absence of prejudice to the Debtor, and the absence of a negative impact on the efficiency of court administration, Encina respectively submits that, pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1), the Court should conclude that excusable neglect is present and enter an order deeming Encina's proof of claim to be timely filed.

### NOTICE

61. Encina will provide notice of this Motion to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

### NO PRIOR REQUEST

62. No prior request for the relief sought herein has been made to this Court or any other court.

## EMERGENCY CONSIDERATION

63. Encina requests emergency consideration of this Motion as the hearing is requested no later than February 26, 2025 at 1:30 p.m.

64. Emergency consideration is warranted because the Plan purports to automatically disallow and expunge all proofs of claim filed after the Bar Date "unless the Bankruptcy Court shall have determined by a Final Order, on or before the Confirmation Hearing, that cause exists to extend the Claims Bar Date as to such Proof of Claim on the basis of excusable neglect," absent an agreement otherwise. Docket No. 1978 at 41. The confirmation hearing is currently set for February 26, 2025 at 1:30 p.m.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Encina respectfully requests that this Court enter an order deeming Encina's proof of claim to be timely filed and granting such other and further relief as is just and proper.

Dated: February 11, 2025

Respectfully submitted,

By: */s/ Kathryn Skagerberg*
    Kathryn Skagerberg
    Texas Bar No. 24058578
    Federal ID No. 1121430
    Kate.Skagerberg@nelsonmullins.com
    Nelson Mullins Riley & Scarborough LLP
    1222 Demonbreun, Suite 1700
    Nashville, Tennessee 37203
    P: (615) 664-5351
    F: (615) 664-5399

**CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

<i>/s/ Kathryn Skagerberg</i><br>
Kathryn Skagerberg

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service.

<i>s/ Kathryn Skagerberg</i><br>
Kathryn Skagerberg