IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) Case No. 24-90377 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No.** ___ |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN RE:
COMMONWEALTH ELECTRIC COMPANY OF THE MIDWEST
PROOF OF CLAIM NO. 1003**

The above-captioned debtors and debtors in possession (collectively, the "Reorganized Debtors") and Commonwealth Electric Company of the Midwest ("Commonwealth") file this Joint Discovery/Case Management Plan pursuant to the Parties agreement at the April 30, 2025 Status Conference.

1. List the cases related to this one that are pending in any state or federal court with the case number and the court

   **Case No. 4:24-cv-3149; Commonwealth Electric Company of the Midwest v. Travelers Casualty and Surety of America, et al; in the United States District Court for the Southern District of Nebraska.**

2. Briefly state the nature of this action and the positions of the parties:

   **This claim concerns a dispute over charges for services performed by Commonwealth to assist Zachry in construction of the Omaha Public Power District's Standing Bear Lake Generation Facility power plant located in Omaha, Nebraska. Commonwealth claims that it is owed $5,359,030.62, of which $1,038,339.54 is asserted to be entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code Proof of Claim [POC no. 1003]. Zachry has objected to Commonwealth's claim [Doc. 2336]. Zachry claims that it incurred $1,775,916 in costs due to Commonwealth's defective and incomplete work, and $876,066 of the invoiced amount was for unnecessary duplicative work. Zachry requests that the Court reduce the Claim by $2,651,982 to a corrected amount of $2,707,048.62 and reclassify the Claim such that only $110,275.93 is entitled to priority under section 503(b)(9) of the Bankruptcy Code. Commonwealth disputes Zachry's allegations, and also asserts**

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

112706483

**that Zachry is not entitled to assert any offset due to the fact that Zachry terminated Commonwealth for convenience under section 16.2 of their Contract, and following the termination, Zachry failed to provide timely notice to Commonwealth of any alleged defective work or give Commonwealth an opportunity to cure or repair any alleged defective work.**

3. Specify the allegation of federal jurisdiction. State the parties' respective position:

   **Reorganized Debtors assert that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, and that this matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(B).**

4. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

   **The Parties have agreed to serve initial disclosures by May 19, 2025.**

5. Describe the proposed discovery plan, including:

   A. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

   **The parties have agreed to utilize document review platforms and to produce documents via a load file. The parties will meet and confer on a confidentiality agreement and ESI protocol.**

   B. When and to whom the claimant anticipates it may send interrogatories and requests for production.

   **See paragraph 6 below.**

   C. When and to whom the Reorganized Debtors anticipate it may send interrogatories and requests for production.

   **See paragraph 6 below.**

   D. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

   **See paragraph 6 below.**

   E. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

   **See paragraph 6 below.**

  F.  Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

    **Commonwealth requests that the Court's initial scheduling order directs Bankruptcy Rule 9104(c), Fed. R. Civ. Proc. 26(a)(1) and (a)(2) apply to this claim objection.**

    **Commonwealth asserts that the threshold issue of whether termination for convenience of the contract under section 16.2, followed by Zachry's subsequent failure to provide timely notice of alleged defective work and an opportunity to repair or cure such work, precludes Zachry from asserting an offset or withholding payments for alleged defective work.**

    **Zachry's position is that it is not precluded from withholding payments and offsetting Commonwealth's claim based on Commonwealth's breach of the parties' contract, which was not discovered until after the termination.**

  G.  Any experts needed on issues other than attorneys' fees.

  H.  If medical experts are needed, whether they are only treating physicians or also designated on other issues.

  I.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

  J.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

  K.  List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

  L.  In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

6.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  A. **Zachry proposes the following discovery schedule:**

    i. **Depositions.** The deadline for completion of depositions, including but not limited to depositions for oral testimony under Rule 9016 of the

112706483

>> Federal Rules of Bankruptcy Procedure, is June 27, 2025. The maximum number of depositions that may be taken by each party shall be four.
>
> ii. **Experts**. The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts as referenced in Fed. R. Civ. P. 26(a)(2)(B), and non-retained experts as referenced in Fed. R. Civ. P. 26(a)(2)(C))), shall be July 28, 2025
>
> iii. **Discovery Cut Off.** Shall be August 28, 2025.
>
> iv. **Prehearing Briefing.** The Parties are permitted to file prehearing briefing on any legal issues they anticipate addressing at the hearing on the merits. Briefing shall be filed 10 calendar days prior to the hearing on the merits.
>
> v. **Witness Lists and Exhibit Lists**. Shall be filed 10 days prior to the hearing on the merits. The Parties are to meet and confer to avoid duplication of exhibits.
>
> vi. **Evidentiary Hearing**. The hearing on the merits shall be [Third week of September or 2d week of October]

B. **Commonwealth Proposal:**
Commonwealth proposes that it be allowed to file an initial dispositive motion by May 16, 2025, to obtain a ruling on whether Zachry is precluded from claiming an offset if (1) the applicable agreement was terminated "for convenience" under section 16.2 and (2) whether Zachry is precluded from asserting a backcharge when it did not provide Commonwealth with notice or an opportunity to cure any alleged defective work following the termination for convenience. Discovery, if needed, would proceed within 7 days of the court's ruling on the initial dispositive motion.

If the court's decision with regard to the dispositive motion does not resolve the claim objection and discovery is needed, Commonwealth proposes the following discovery schedule:

  i. **Written Discovery: Completed within 45 days of the court's ruling;**

  ii. **Documents: Exchanged pursuant to the ESI protocol;**

  iii. **Depositions**: Including but not limited to depositions for oral testimony under Rule 9016 of the Federal Rules of Bankruptcy Procedure, shall be completed within 90 days after receipt of documents and written discovery responses. The maximum number of depositions that may be taken by each party, including corporate depositions, shall be ten;

      iv.    **Experts**. **The deadlines to complete expert disclosures for all experts expected to testify at trial, (both retained experts as referenced in Fed. R. Civ. P. 26(a)(2)(B), and non-retained experts as referenced in Fed. R. Civ. P. 26(a)(2)(C))), shall be 30 days after fact depositions are completed. Rebuttal reports shall be due 21 days following initial reports. Expert depositions shall be completed 15 days following rebuttal reports;**

      v.    **Prehearing Briefing.** **The Parties are permitted to file prehearing briefing on any legal issues they anticipate addressing at the hearing on the merits. Briefing shall be filed 10 calendar days prior to the hearing on the merits;**

      vi.    **Witness Lists and Exhibit Lists**. **Shall be filed 10 days prior to the hearing on the merits. The Parties are to meet and confer to avoid duplication of exhibits; and**

      i.    **Evidentiary Hearing**. **The hearing on the merits shall be set at the court's convenience following the close of discovery.**

**Zachry believes that determination of any an initial dispositive motions should not preclude or hold up discovery. Zachry proposes that any legal objections should be considered as part of the final hearing on the merits. Accordingly, Zachry proposes that prehearing legal briefs be filed two weeks prior to the claims hearing.**

7. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **In addition to evidence exchanged as part of the Proof of Claim briefing, the parties will exchange any documents or other discovery from the Commonwealth's lawsuit against Zachry's Sureties and Zachry has made a supplemental production of documents supporting its claim objection. Zachry anticipates an additional supplemental production within the next 15 to 30 days.**

8. State the date the planned discovery can reasonably be completed.

   **See paragraph 6 above.**

9. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

   **Zachry anticipates engaging in additional settlement discussions following the court's resolution of the issues presented in Zachry's Emergency Motion to Enforce the Bankruptcy Plan [Doc. 2797]. Zachry proposes that the parties mediate the case following initial disclosures and Zachry's supplemental document production.**

10. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

112706483

**Zachry proposes mediating the case in approximately 30 to 45 days**

11. Specify the number of hours it will likely take to present the evidence.

    **Zachry anticipates that the hearing on the merits be limited to 6 hours for each side.**

    **Commonwealth anticipates it will take 12-14 hours to present evidence for its side.**

12. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    **Zachry's Emergency Motion to Enforce the Bankruptcy Plan [Doc. 2797]**

13. List other pending motions.

14. List issues or matters, including discovery, that should be addressed at the conference.

    **Zachry requests that the Court set a case scheduling order at the status conference on May 12, 2025.**

    Respectfully submitted,

*/s/ J. Deis*
John B. Thomas (Attorney-in-Charge)
Texas Bar No. 19856150
S.D. Tex. ID No. 10675
jthomas@hicks-thomas.com
John J. Deis
Texas Bar No. 24028289
jdeis@hicks-thomas.com
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

112706483

WHITE & CASE LLP
Charles R. Koster
Texas Bar No. 24128278
charles.koster@whitecase.com
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701

Laura J. Garr (admitted pro hac vice)
lgarr@whitecase.com
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200

**COUNSEL FOR REORGANIZED DEBTORS**

ANDREWS MYERS P.C.

*/s/ T. Josh Judd*
T. JOSH JUDD
SBN: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com

and

WOODS AITKEN LLP
Joel D. Heusinger, No. 18326,
*admitted pro hac vice*
Audrey R. Svane, No. 25830,
*admitted pro hac vice*
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: (402) 437-8500
Facsimile: (402) 437-8558
jheusinger@woodsaitken.com
asvane@woodsaitken.com

**COUNSEL FOR COMMONWEALTH ELECTRIC COMPANY OF THE MIDWEST**

112706483

**Certificate of Service**

    I certify that on May 9, 2025 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                           /s/ *J.Deis*
                                           John J. Deis

112706483