United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90377 |
| ZACHRY HOLDINGS, INC., *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

### ORDER AND MEMORANDUM OPINION

Encina Development Group, LLC ("Encina") moves for its proof of claim filed after the bar date to be deemed timely filed.[1] The Reorganized Debtors oppose Encina's motion.[2] For the reasons explained below, Encina's motion is denied.

### BACKGROUND

On January 15, 2021, Zachry Engineering Corporation ("ZEC") sued Encina in the 125th Judicial District Court of Harris County, Texas, alleging breach of contract.[3] On April 5, 2021, Encina filed a counterclaim against ZEC alleging breach of contract.[4] In October 2021, ZEC filed a motion to dismiss Encina's counterclaim.[5] ZEC's motion was denied in March 2022.[6] In April 2022, ZEC appealed the district court's denial of its motion to dismiss.[7] In May 2023, the court of appeals

---

[1] ECF No. 2120.

[2] ECF No. 2348.

[3] ECF No. 2120, at 2.

[4] *Id.* at 3.

[5] ECF No. 2348, at 2.

[6] *Id.*

[7] *Id.*

affirmed the district court's decision.[8] In July 2023, ZEC filed a petition for review with the Texas Supreme Court.[9] In November 2023, the Texas Supreme Court requested briefing on the merits.[10]

In May 2024, ZEC commenced Chapter 11 proceedings in this Court.[11] On June 3, 2024, ZEC filed a document entitled "Notice of Bankruptcy" in the proceedings before the Texas Supreme Court.[12] It is undisputed that Encina received ZEC's Notice of Bankruptcy. ZEC's statement of financial affairs listed the pending Encina litigation.[13] However, ZEC did not list Encina's counterclaim as a liability on its Schedule E/F.[14]

On July 26, 2024, the Court issued an order setting September 16, 2024, as the bar date for filing proofs of claim (the "Bar Date Order").[15] Encina was not served the Bar Date Order.[16]

On November 7, 2024, Debtors became aware that they had not served the Bar Date Order on Encina and served its counsel via email and first-class mail.[17] The claims and noticing agent's supplemental certificate of service indicates that Encina's counsel was served via e-mail on November 7, 2024.[18] Encina's counsel testified that she did not

---

[8] *Id.*

[9] *Id.*

[10] *Zachry Eng'g Corp. v. Encina Dev. Grp.*, LLC, No. 23-0506 (Tex. Nov. 10, 2023). The petition was denied in September 2025.

[11] ECF No. 1.

[12] Case No. 24-90391, ECF No. 323-6.

[13] ECF No. 534, at 47.

[14] ECF No. 513, at 36−39.

[15] ECF No. 636.

[16] ECF No. 643, at 41−44.

[17] ECF Nos. 2348, at 3; 1446.

[18] ECF No. 1446.

receive notice of the bar date until November 19, 2024.[19]  Encina filed its proof of claim on December 10, 2024.

On January 23, 2025, Debtors filed their Modified First Amended Joint Chapter 11 Plan, which provided that all proofs of claim filed after the bar date were disallowed.[20]  Encina thereafter filed the motion before the Court on February 11, 2025.[21]  Zachry's Chapter 11 plan became effective on April 10, 2025.[22]

## JURISDICTION & VENUE

28 U.S.C. § 1334 provides the District Courts with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This Court has authority over this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A) and (B).  The Court has constitutional authority to enter final orders and judgments.  *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

Encina argues that the Court should allow its proof of claim to be filed after the bar date under (1) due process grounds, (2) Bankruptcy

---

[19] ECF No. 3278, at 25:20.

[20] ECF No. 1978, at 41.

[21] ECF No. 2120.

[22] ECF No. 2431.

Local Rule 3003-1, or (3) Bankruptcy Rule 9006(b)(1). The Court disagrees.

Due process does not require Encina's proof of claim to be allowed. "The confirmation of a plan of reorganization has res judicata effect on issues and *claims* raised, or which could have been raised by the creditor prior to confirmation." *In re Tex. Tamale Co., Inc.*, 219 B.R. 732, 737 (Bankr. S.D. Tex. 1998). However, a claimant may file a late proof of claim if they can show that failing to allow the filing would be violative of due process. *Thornton v. Seadrill Ltd.*, 626 B.R. 422, 427 (S.D. Tex. 2021).

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Fifth Circuit has stated that where a creditor receives notice of the bankruptcy, the creditor has "actual knowledge of the case necessary to permit him to take steps to protect his rights." *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781–82 (5th Cir. 1990). In *In re Sam*, the Fifth Circuit found that due process was satisfied where a creditor received notice of the automatic stay eighteen days prior to the bar date and did not receive notice of the bar date until it had passed. *See id.*

Here, Zachry's Chapter 11 plan has been confirmed. Encina did not receive notice of the bar date until after it had passed. However, Encina received the notice of the bankruptcy fifteen weeks prior to the bar date and twenty-seven weeks before it filed its proof of claim.[23] Encina had actual knowledge that ZEC was in bankruptcy and did not take steps to protect its rights. Thus, the requirements of due process were satisfied. Due process does not require that Encina's claim be allowed.

---

[23] *See* Case No. 24-90391, ECF No. 323-6.

The Court declines to allow Encina's proof of claim under Bankruptcy Local Rule 3003-1. B.L.R. 3003-1(c)(4) provides:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that: (A) the notice of the commencement of the case was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely list the creditor's name and address as required by Rule 1007(a)[.]

Bankruptcy Rule 1007(a) requires debtors to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H of the Official Forms." FED. R. BANKR. P. 1007(a)(1). Encina was not listed on Debtors' schedules. Nevertheless, the notice of the commencement of the case was not insufficient under the circumstances to give Encina a reasonable time to file a proof of claim. Encina had actual notice months before the bar date and received that notice in the very litigation that its claim arises from.

Lastly, the Court declines to allow Encina's proof of claim under Bankruptcy Rule 9006. The rule provides that a court may extend the time to act if "the failure to act within that period resulted from excusable neglect." FED. R. BANKR. P. 9006(b)(1)(B). When considering whether neglect is excusable, courts consider four factors from the U.S. Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). These factors are: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

The first *Pioneer* factor weighs in favor of permitting Encina's proof of claim. Debtors knew of Encina's claim at the commencement of

their case and Debtors concede that permitting Encina to file its proof of claim will not prejudice them.[24]

The second *Pioneer* factor weighs against allowing Encina's proof of claim. As mentioned above, the length of the delay here was significant. Encina did not file its proof of claim until twenty-seven weeks after it received notice of ZEC's bankruptcy. It also failed to file the proof of claim until five weeks after it was served notice of the bar date. While Encina's claim is unlikely to adversely impact the post-confirmation proceedings, the sheer length of delay cannot be overlooked.

The third *Pioneer* factor also weighs against permitting Encina to file its proof of claim. Courts have recognized the third *Pioneer* factor as carrying more weight than the others. *Rainey v. Davenport (In re Davenport)*, 342 B.R. 482, 497 (Bankr. S.D. Tex. 2006). Encina provides no reason for delay after it received actual notice of the bankruptcy case.

The situation here is indistinguishable from *In re Unit Corp.*, No. 4:21-CV-435, 2022 U.S. Dist. LEXIS 58051 (S.D. Tex. March 30,2022). In that case, the District Court upheld this Court's decision to refuse to allow late filed proofs of claim where a claimant's failure to timely file his proof of claim was within his reasonable control. *Id.* at *17. The claimant there received a suggestion of bankruptcy months before the bar date but did not receive notice of the bar date until after it had passed. *Id.* Where the reason for delay is "inadvertence or ignorance of bankruptcy procedure," there is no excusable neglect. *See id.* at *20. Encina offers no reasons for delay other than an unexplained failure to follow established case law.

The final *Pioneer* factor is neutral. There is no evidence whether Encina acted in good or bad faith by waiting to file its proof of claim.

---

[24] ECF No. 2348, at 7.

Two of the *Pioneer* factors, including the most important factor, weigh in favor of disallowing Encina's claim; one factor weighs in favor of allowance. In consideration of the extreme delay in this case, the Court concludes that Encina's neglect was not excusable.

## CONCLUSION

For the reasons explained above, Encina's Motion to Permit Filing Proof of Claim After Bar Date[25] is denied. Encina's claim is disallowed.

SIGNED 11/24/2025

Marvin Isgur
United States Bankruptcy Judge

---

[25] ECF No. 2120.